JAMES O. IVES, Exr. *v.* THE HEIRS ELIZA E. SALIS-BURY*

*Will, where it should be Probated.  Domicile of Testatrix in one State and Will made in another.  U. S. Con. Art. 4, S. 1.  R. L. ss. 2058, 2061.*

1.  Duly certified copies of the record of a will and of the probate of the same, made in Indiana, are conclusive; and the will cannot be attacked in our courts by proving incapacity and undue influence, although the domicile of the testatrix was in this State, it appearing that she died in Indiana, leaving debts and property there, and that its courts had jurisdiction of the subject matter.
2.  A statute is never to be construed so as to be unconstitutional, if a reasonable construction can be placed upon it, which will give to its provisions a constitutional effect.
3.  R. L. ss. 2057, 2058—will made out of this State, etc.,—construed.

APPEAL from the Probate Court.  Heard by the court, March Term, 1882, REDFIELD, J., presiding.  Judgment that the judgment of the Probate Court be reversed, and that the certified copies of the will and the probate thereof be admitted.

*Heath & Carleton*, for the defendant.

The law of domicile at the time of making the will must govern as to capacity or incapacity.  Personal property is dis-

* Heard, May Term, 1883.

tributed according to the law of the domicile. Story Conf. Law, ss. 467, 468; 2 Greenl. Ev. s. 668; 1 Binn. 336; 10 Mo. 543; 13 Ohio, 458; 27 Miss. 847.

*J. A. Wing & Geo. M. Fisk,* for the plaintiff.

The opinion of the court was delivered by

Ross, J. On the issues formed by the pleadings, the County Court have found, that the domicile of the testatrix at the time of making and publishing her will, and of her death, was at Northfield this State; that the will was made, and the testatrix died, in the State of Indiana; that by the statutes of Indiana, the courts of that State had jurisdiction of the subject-matter of the will, inasmuch as the testatrix died there leaving property and debts; and that the will was duly probated in that State, as was evidenced by duly certified copies of the record of the will, and of the probate thereof. Upon these facts the County Court held, that the contestants were concluded by the record of the probate of the will in the proper court in Indiana, from averring and proving in this State the incapacity of the testatrix, or undue influence. The correctness of this holding is the only subject for consideration presented by the exceptions. It is, as a general proposition, true, as contended by the contestants, that a will should be probated at the place of the domicile of the testator or testatrix. The court of the place of the domicile is usually the only court, which has original, or primary jurisdiction to adjudicate upon and establish such a will. When once duly probated in such court, duly certified copies of the record are conclusive evidence of the validity of the will, including the capacity and free agency of the testatrix to make it, not only in other courts of the State of the domicile, but also in the courts in all other States of the United States. This is made so by sec. 1, art. 4 of the constitution of the United States, requiring full faith and credit to be given in each State to the public acts, records, and judicial proceedings of every other State. It is not contended that the

court in Indiana did not have jurisdiction of the will in contention, and power to establish it. The jurisdiction of the court in Indiana being conceded, full faith and credit cannot be given to its judicial proceedings in establishing the will, if on properly certified copies of the record being produced, the County Court should allow the validity of the will to be attacked and set aside, by allowing the contestants to aver, and prove, that the testatrix was lacking testamentary capacity, or that the will was the production of undue influence. On such averment and proof, the will would be valid in Indiana, and invalid in Vermont. Such allowance would not only contravene the foregoing provision of the constitution of the United States, but ss. 2058 to 2061, inclusive, of the Revised Laws of this State. These sections provide, that wills proved and allowed in any other of the United States, or in any foreign state or country, according to the laws thereof, may be allowed, filed, and recorded, in the Probate Court of a district in this State in which the testator has real or personal estate, on which such will may operate ; that when a properly authenticated copy of such will and the probate thereof, is produced to the Probate Court in this State, such court shall appoint a time and place for hearing, and give notice thereof ; and if it appears to the court that the instrument ought to be allowed in this State as such will, the copy shall be filed, and recorded, and the will shall have the same effect as if originally proved and allowed in the same court. Stress is laid by the contestants upon the clause, " if it appears to the court that the instrument ought to be allowed in this State," as though it contemplated that the court should investigate and adjudicate concerning the validity of the will *de novo*. But that clause manifestly has reference to a prior clause, which requires that the testator shall have real or personal estate upon which the will is to operate, in the probate district in the court of which the duly authenticated copies are presented. It must appear that there is such property within the probate district, upon which the will will operate in order to give the court jurisdiction to file, record, and give effect to the duly authen-

ticated copy. That this is the true construction to be placed upon the clause relied upon by the contestants, is manifest, inasmuch as it is immediately followed by provision for filing, recording and giving effect to the copy, " as if originally proved and allowed in the same court." If it were required to be proved in that court as an unprobated will, there is no force to be given to the above quoted clause. Also this provision of the Revised Laws, with the construction contended for, would be in direct violation of the above named section of the constitution of the United States. A statute is never to be construed so as to be unconstitutional, if a reasonable construction can be placed upon it, which will give to its provisions a constitutional effect. Again, it is contended, that a will of personal property must be executed according to the law of the domicile of the testator at the time of his decease, and hence it is argued, that the contestants are at liberty to make proof of the testatrix incapacity to make a will, or that the will was the production of undue influence. The conclusion does not follow logically from the premise; besides the premise is false under the statutes of this State. Sec. 2057, R. L. provides: " A will made out of the State, which might be proved and allowed by the laws of the State, or country in which it was made, may be proved, allowed, and recorded in this State, and shall then have the same effect, as if executed according to the laws of this State." Hence this will, if executed according to the laws of Indiana, may be proved, and have full effect given to it upon both the real and personal estate of the testatrix in this State, whether the will were proved originally in the Probate Court of the domicile in this State, or by duly authenticated copies of the record of its proof in Indiana, the courts of that State having, as is found, and conceded, jurisdiction to take proof of its due execution according to the laws of that State, and to probate it. As personal property generally in probate proceedings has no situs of its own, but takes the situs of its owner, a will valid to convey the personal property of the testate where it is made, is generally operative to convey such personal estate, wherever in fact, it

may at the time happen to be. To convey real estate, the will must be executed with the formalities required by the law of the place where the real estate is located. Ror. Int. St. L. pp. 264 to 266. As we have seen, the law of this State gives the same effect to a will duly executed abroad, in accordance with the laws of another state as that country gives to it.

On these views, the only question open to the contestants, when the will with duly authenticated copies showing its probate in the proper court in Indiana, was produced, was, in regard to the jurisdiction of such court to make probate of the will. *Crippen* v. *Dexter*, 13 Gray, 330. Such jurisdiction being found, and conceded, the County Court correctly held that the contestants were estopped from averring and proving want of testamentary capacity, or undue influence.

The judgment of the County Court is affirmed, and ordered to be certified to the Probate Court.