Personette *v.* Cronkhite *et al.*

Filed Feb. 26, 1895.

—————◆—————

No. 17,144.

PERSONETTE *v.* CRONKHITE ET AL.

FRAUDULENT CONVEYANCE.—*Grantor Chargeable With Probable and Necessary Consequences of His Act.—Denial of Fraudulent Intent.*—In an action to set aside a conveyance as fraudulent the grantor must be charged with the probable and necessary consequences of his own act, and the result of his fraud must be attributed to him, notwithstanding his claim and statement that he did not intend that the conveyance should operate as a fraud upon all of his creditors.

FRAUD.—*Legal Consequences.*—Where a fraud is found to exist, the court will attribute to it its legal consequences.

SAME.—*A Question of Fact.—Legal Presumption.*—Fraud, whether actual or constructive, is a question of fact to be established by the evidence in each particular case, and courts are not permitted to indulge in presumptions of fraud, and therefrom conclusively adjudge, as a matter of law, that a certain conveyance or transaction is fraudulent.

NEW TRIAL.—*As of Right.—Not Demandable Until After Judgment Rendered.*—A party can not demand a new trial as of right until after judgment has been rendered upon the finding of the court or the verdict of the jury.

SUPREME COURT PRACTICE.—*Sufficiency of Evidence.—Judgment.*—A judgment will not be reversed for insufficiency of the evidence, where the same tends to support the judgment upon every material point.

From the Marion Superior Court.

*M. D. White, J. C. Brush* and *S. M. Shepard*, for appellant.

*V. Carter* and *W. T. Brown*, for appellees.

JORDAN, J.—Each of the appellees herein, except Phillip Gemmer, instituted an action in the Marion Surior Court against the appellant, Mary Personette and said Gemmer, to recover a judgment against the latter upon certain notes held by each, and against both to set aside an alleged fraudulent conveyance by Gemmer to appellant to certain lots in the city of Indianapolis, known as the "North Side Addition." The appellant filed an answer in denial in each action, and also a cross-complaint to quiet her title to the real estate in question. By agreement of parties there was a consolidation of all the cases, and they were tried together as one cause. The trial resulted in a special finding of facts and conclusions of law in favor of appellee Cronkhite and his coappellees. A motion for a new trial, as of right under the statute, upon her cross-complaint, was filed by appellant and overruled by the court. A motion for a new trial for cause was then filed, and in like manner overruled. To all of which proper exceptions were reserved. Judgment was then entered against Gemmer upon the notes in suit, and a decree against him and appellant, setting aside the deed in controversy, and ordering the lands conveyed thereby to be sold in satisfaction of the judgment rendered. From a judgment of the general term of said court, affirming the one of the special term, appellant prosecutes this appeal.

Three points are presented by her counsel in their brief for the consideration of this court:

First. The construction of section 4920, R. S. 1881 (section 6645, R. S. 1894), of the statute of frauds.

Second. Appellant's right to a new trial as of right on her cross-complaint.

Third. The sufficiency of the evidence to sustain the finding and judgment of the trial court.

The contention of the learned counsel for appellant upon their first proposition is, that the testimony of Gemmer, the alleged fraudulent grantor, and a witness for appellees, is to the effect that he made the conveyance to appellant in order to hinder and defraud the holder of certain promissory notes upon which he was a surety, denominated "the Jones notes"; and that he did not intend or design thereby to hinder or defraud the appellees in the collection of the debts and claims which they held against him, and which are involved in this action. Quoting from their brief they say: "We contend that under our statute no person can maintain an action to set aside a conveyance upon the ground that it was and is fraudulent, unless the action is brought by the person sought to be defrauded, because under our statutes and decisions there can be no constructive fraud, and to construe the statute other than as its plain and unambiguous terms indicate would be a direct violation of the intent of the Legislature."

Counsel, however, in assuming that the statements of Gemmer as to his intentions are conclusive, have fallen into error; for there is evidence showing that he (Gemmer) was largely indebted at the time of the transaction, and that his conveyance in question was without consideration, and that after the execution thereof he had not sufficient means or property left to pay and satisfy his existing indebtedness.

These facts were entitled to weight in determining the result of his act, notwithstanding his claim and statement, that he only intended to defraud the holder of the "Jones notes." The contention of counsel that it is

only those creditors who have been harmed by a fraudulent conveyance that can assail the same in court may be conceded as a correct legal proposition. However, this principle of law can not avail, or in any way aid appellant in this case, for it appears from the evidence and the finding of the court that the alleged fraudulent transaction, of which it also appears appellant had knowledge, and in which she participated, resulted in a fraud upon all of Gemmer's then existing creditors, including the appellees herein. Therefore, the grantor must, under the well settled rule, be charged with the probable and necessary consequences of his own act, and the result of his fraud must be attributed to him, notwithstanding his claim and statement that he did not intend or design that the conveyance should operate as a fraud upon all of his creditors.

While it is true that in this State, under section 4924, R. S. 1881 (section 6649, R. S. 1894), fraud, whether actual or constructive, is a question of fact to be established by the evidence in each particular case, and courts are not permitted to indulge in presumptions of fraud, and therefrom conclusively adjudge, as a matter of law, that a certain conveyance or transaction is fraudulent, this is what was meant by this court in the case of *Cicero Township* v. *Picken*, 122 Ind. 260, cited by appellant, wherein it is said: "In this State there is no such thing as constructive fraud; by statute the question of fraud is made a question of fact." See *Phelps* v. *Smith*, 116 Ind. 387.

It must be held that where fraud is found to exist, as in this case, the court will attribute to it its legal consequences. *Anderson* v. *Etter*, 102 Ind. 115.

Under the evidence in this cause, appellant can not be heard to say that the fraudulent act of herself and

Gemmer was only aimed at and intended to injure creditors of the latter, other than appellees.

The second proposition presented, namely, that the court erred in overruling a motion for a new trial as a matter of right, must be denied, for the reason that this application was made, as it appears from the record, before judgment was rendered. This was premature, and the court, for that reason, if for no other, properly overruled the same.

The section of the statute, 1064, R. S. 1881 (1076, R. S. 1894), under which appellant attempted to exercise this right, provides: "That the court rendering judgment, on application made within one year, etc., shall vacate the judgment and grant a new trial."

In the case of *Whitlock* v. *Vancleave*, 39 Ind. 511, this court said: "A party can not demand a new trial as of right until after judgment has been rendered upon the finding of the court or verdict of the jury."

This must be accepted as a correct statement of the procedure governing an application for a new trial as of right.

The third, and last, question submitted for our consideration is that the decision and finding of the court is not sustained by sufficient evidence. We have examined the evidence and find that it fully tends to establish that the transaction was tainted with and resulted in a fraud upon appellees. The judgment is sustained by the evidence in every material respect. While it is true there is some conflict in the testimony of witnesses, yet it is a settled rule of this court that a judgment will not be reversed for insufficiency of evidence when the same supports it upon every material point, and in no event will we attempt to reconcile conflicting statements of witnesses or determine which one is en-

titled to most credit.   This is a duty cast upon the jury or trial court.

Finding no available error, the judgment is affirmed, at the cost of appellant.

McCabe, C. J., took no part in the decision of this cause.

