THE EVANSVILLE ICE AND COLD STORAGE COMPANY
ET AL. *v.* WINSOR, BY NEXT FRIEND.

[No. 18,167. Filed November 16, 1897.]

WILLS.—*Contest.*—An action to set aside a will and its probate on the ground that the will has been revoked either expressly or impliedly, is an application to contest the will, within the meaning of the statutes providing for the contest of wills. *p. 685.*

SAME.—*Action to Contest is Statutory.—Statute of Limitations.*—Actions to contest the validity and to resist and set aside the probate of a will are purely statutory, and must be brought within the time and upon the grounds prescribed by the statute authorizing such actions. The right to contest is not extended or limited by the general statute of limitations contained in the code of civil procedure. *pp. 686, 690.*

The Evansville, etc., Co. *et al. v.* Winsor, by Next Friend.

SAME.—*Disposition of Real Estate Governed by Law of State Where Situated.*—The disposition of real property by will is governed exclusively by the law of the state where the land is situated. *p. 688.*

SAME.—*Foreign Will.—Contest.—Statute Construed.*—When a foreign will devising land in this State is admitted to probate, or filed and recorded, any person interested in the estate of the testator, as provided by section 2770, Burns' R. S. 1894, may contest the same within the time prescribed. *Harris* v. *Harris,* 61 Ind. 117, overruled in so far as it conflicts with this opinion. *pp. 687–689.*

SAME.—*Probate of Foreign Will.—Petition Not Necessary.*—Under section 2763, Burns' R. S. 1894, providing that a copy of a foreign will and the probate thereof may be produced, by any person interested, to the circuit court of the county in which there is any real estate on which the will may operate, a petition is not essential to the jurisdiction of the court. *p. 691.*

SAME.—*Probate of Foreign Will.—Jurisdiction.*—An order of a circuit court directing a foreign will or the probate thereof to be filed and recorded as provided by section 2763, Burns' R. S. 1894, implies the finding of such facts as are necessary to give the court jurisdiction. *p. 691.*

From the Vanderburgh Circuit Court. *Reversed.*

*Alex. Gilchrist* and *C. A. De Bruler,* for appellants.

*Azro Dyer* and *L. I. Ahlering,* for appellee.

MONKS, J.—The facts appearing from the amended complaint, so far as necessary to the determination of the questions presented, are as follows: On the 18th day of September, 1886, Annie Stockwell Winsor, who was a married woman residing with her husband, William L. Winsor, in the state of New York, was the owner of real estate in Evansville, Indiana, and on said day made her last will, naming her husband as her sole devisee, and making no provision for a child afterwards born. On the 19th day of September, 1886, the next day after the will was executed, Mrs. Winsor, the testatrix, gave birth to a daughter, Constance A. Winsor, the appellee in this case. Said testatrix died on July 30, 1889, and left surviving, her husband, William L. Winsor, and her child, the appellee. At

the time of her death she was the owner of said real estate in Evansville, Indiana. On the 3d day of September, 1889, said will was admitted to probate by the proper court in New York. On the 24th day of September, 1889, a copy of said will and the probate thereof, duly certified under the seal of the surrogate, and duly certified and attested as authentic as required by the laws of this State and of the United States, and as required by sections 2761-2763, Burns' R. S. 1894 (2591-2593, R. S. 1881), was presented to the Vanderburgh Circuit Court, and thereupon the proper order was made by said court and it was entered as a part of said order; that said will has the same force and effect as if originally probated in said county; that on said day in accordance with said order said copy of the will and the probate thereof was duly filed and recorded by the clerk of said court; that after said will was filed and recorded in the Vanderburgh Circuit Court, said William L. Winsor from time to time sold and conveyed parts of said real estate in Evansville, Indiana, to the Evansville Ice and Cold Storage Company, and other appellants, and they are in the possesion of the real estate so conveyed. William L. Winsor died testate in the state of New York on the 8th day of September, 1894, and on the 13th day of March, 1895, the appellant, Thomas E. Garvin, Jr., was by the Vanderburgh Circuit Court duly appointed administrator with the will annexed of the estate of William L. Winsor, deceased, who duly qualified as such administrator.

It is alleged in the amended complaint that William M. Bell, by his attorney, Edward Law, presented said copy of the will of Annie Stockwell Winsor, and the probate thereof so certified and attested as required by law, to the Vanderburgh Circuit Court, and that at the time that said copy was presented to said court

and said order was made by said court neither said Bell or Law, his attorney, was interested in said will, and it is further alleged in the amended complaint, that said will is invalid and revoked for the reason that after said will was executed said Annie Stockwell Winsor had born to her, legitimate issue, to-wit: appellee, who survived said testatrix and is now living, and no provision was made for appellee in said will, nor was she mentioned therein.

Prayer, that the said will and the probate thereof be set aside, and that the order of the Vanderburgh Circuit Court entered September 24, 1889, admitting a copy of said instrument to be filed and recorded in said court, and the record thereof by the clerk, be set aside and declared null and void, etc.

This action was commenced September 28, 1895, the amended complaint was verified as required by section 2766, Burns' R. S. 1894 (2596, R. S. 1881), which provides for contesting wills, etc.

Appellants filed an answer to which appellee's demurrer for want of facts was sustained, and, appellants refusing to plead further, judgment was rendered in favor of appellee.

As appears from the amended complaint, the will of Annie Stockwell Winsor, deceased, was filed and recorded in the Vanderburgh Circuit Court under the provisions of sections 2761-2763, Burns' R. S. 1894 (2591-2593, R. S. 1881), the last of which sections provides that such court shall order the same to be filed and recorded by the clerk, and thereupon such will shall have the same effect as if it had been originally admitted to probate and recorded in this State.

It is settled law in this State that an action to set aside a will and its probate on the ground that the will has been revoked either expressly or impliedly, is an application to contest the will within the mean-

ing of our statutes, providing for contesting wills. *Bartlett* v. *Manor*, 146 Ind. 621; *Burns* v. *Travis*, 117 Ind. 44.

In this State actions to contest the validity and to resist or set aside the probate of a last will are purely statutory. As this court said in *Harris* v. *Harris*, 61 Ind. at p. 123, "They can only be brought, and successfully maintained in the court, within the time and upon the grounds prescribed in and by the statute which authorizes such actions." The same doctrine is declared in *Bartlett* v. *Manor*, *supra*.

Section 2766, Burns' R. S. 1894 (2596, R. S. 1881), provides that any person may contest the validity of any will or resist the probate thereof at any time within three years after the same has been offered for probate, by filing in the proper court "his allegation, in writing, verified by his affidavit, setting forth the unsoundness of mind of the testator, the undue execution of the will, that the same was executed under duress, or was obtained by fraud, or any other valid objection to its validity or the probate thereof."

It is provided by section 2771, Burns' R. S. 1894 (2601, R. S. 1881), that "Infants and persons absent from the state or of unsound mind shall have two years after their disabilities are removed to contest the validity or due execution of such will." Said sections and the act of which they form a part became a statute in 1852.

In 1859 the General Assembly passed section 2770, Burns R. S. 1894 (2600, R. S. 1881), which provides that when a foreign will has been "admitted to probate, or which * * * may be offered for record and filing in any county of this state, any person interested in the estate of the testator may contest such will or testament within the time, in the manner, and for any or all the causes prescribed by the laws of In-

diana in cases of the contest of domestic wills: *Provided,* That nothing in this section shall be so construed as to allow the contest of any foreign will which may have been probated, or filed and recorded, in any county of this State, more than three years before the commencement of such contest."

It is first contended by appellee that said section 2770 (2600), *supra,* has no application to a case like the present when a copy of the foreign will and probate is filed and recorded in this State, citing *Harris* v. *Harris, supra.* If this contention of appellee is correct, then upon the authority of that case, this action brought by her must fail, for want of jurisdiction in the court below, because there is no statute authorizing it. But the case of *Harris* v. *Harris, supra,* cited by appellee, is not like this. In that case the estate in the county where the copy of the foreign will and probate was produced for filing and record was personal property, while the property upon which the foreign will operates in this case is real estate.

The rule as to personal property is that the law of the place where the testator is domiciled at the time of his death governs as to the capacity of the testator to make a will and as to the forms to be observed in its execution and revocation, and as to its validity in every respect. 1 Jarman on Wills, 1-4 and notes; Schouler on Wills, section 491; 3 Am. and Eng. Ency. of Law, 630, 632, 634. Such questions as to bequests of personal property being governed by the law of the domicil of the testator, they are adjudicated when the will is admitted to probate in such jurisdiction, and the same is conclusive. *Ryno* v. *Ryno,* 27 N. J. Eq. 522, 524; *Strong* v. *Perkins,* 3 N. H. 517; *Ives* v. *Salisbury,* 56 Vt. 565; *Lovett's Exrs.* v. *Mathews,* 24 Pa. St. 330; *London* v. *Wilmington, etc., R. R. Co.,* 88 N. C. 584; *Wilson* v. *Gaston,* 92 Pa. St. 207; *Vermont*

*Baptist Convention* v. *Ladd's Estate*, 59 Vt. 5, 9 Atl. 1; *Jourden* v. *Meier*, 31 Mo. 40, 43; *Douglas* v. *Cooper*, 3 Mylne & Keen, 378, 381; Van Fleet's Collateral Attack, section 236, pp. 224, 225, section 585.

As to such property, the probate of the will in the state where the testator was domiciled at the time of his death is, under the constitution of the United States, entitled to full faith and credit in every other state, and it was so held in *Harris* v. *Harris, supra; Ives* v. *Salisbury, supra.*

But it is settled that title to and the disposition of real property, whether by deed, a last will, or otherwise, must be governed exclusively by the law of the country where it is situated. *Lucas* v. *Tucker*, 17 Ind. 41, 45; *Calloway* v. *Doe,.* 1 Blackf. 372; *Kerr* v. *Moon*, 9 Wheaton, 565; 1 Jarman on Wills, 1-4.

The law where the land lies governs not only as to the forms to be observed in executing the will but as to the capacity or incapacity of the testator to make a will. Schouler on Wills, section 491; 3 Am. and Eng. Ency. of Law, 630, 632, 634, and cases cited.

Whether a will containing a devise of realty is revoked is governed, so far as such devise is concerned, by the law of the country where such real estate is situate. *Bloomer* v. *Bloomer*, 2 Bradf. (N. Y.) 339; 3 Am. and Eng. Ency. Law, 634, 635.

Title to land by devise can only be acquired when the will is duly proved and recorded according to the law of the state in which the land is situated. The probate of a will in one state gives no title to land devised situate in another state. *Lucas* v. *Tucker, supra,.* p. 45; *McCormick* v. *Sullivant*, 10 Wheaton 192.

It is evident, therefore, that the probate of the will of Mrs. Winsor in the state of New York had no effect on the title of the real estate in Evansville devised to her husband. He could only acquire title thereto

when the same was proved and recorded as required by the laws of this State. We think, therefore, that under section 2770 (2600), *supra,* when a foreign will devises real estate situate in this State, and a copy of the same and the probate thereof, duly authenticated, is presented under our statute for filing and recording, that any person mentioned in said section may contest such proceedings, and if the foreign will is also admitted to probate or filed and recorded, such person may contest the same, within the time prescribed by said section. So far as *Harris* v. *Harris, supra,* may be deemed to hold to the contrary as to a will devising real estate, the same is overruled. Such a contest if successful has no effect on said will or the probate thereof in the jurisdiction where probated, but only prevents the will operating on real estate in this State, and leaves it to be governed by our statute regulating the descent of real property.

Appellants insist that under the proviso to section 2770 (2600), *supra,* appellee, even if her amended complaint is otherwise sufficient, cannot successfully maintain this action because said amended complaint shows that said will was filed and recorded September 28, 1889, which is more than three years before September 28, 1895, when she commenced this action.

Appellee, who is an infant, by her next friend, contends that she is authorized by section 2771 (2601), *supra,* to commence said action at any time within two years after she arrives at the age of 21 years, and that, therefore, her complaint is not insufficient for the reason stated.

It is settled that unless an action to contest a will is commenced within the period fixed by statute that the same cannot be maintained. *Bartlett* v. *Manor,*

*supra*, and cases cited; *Cochran* v. *Young*, 104 Pa. St. 333; *Luther* v. *Luther*, 122 Ill. 558, 13 N. E. 166.

The section, 2771 (2601), *supra*, relied upon by appellee, was in force at the time section 2770 (2600), *supra*, concerning the contest of foreign wills was passed. If the proviso had been omitted from said section 2770 (2600), *supra*, it would clearly have given infants the same time wherein to commence an action to contest a foreign will, filed and recorded under the provisions of sections 2761-2763 (2591-2593), *supra,* as is allowed by sections 2771 (2601), *supra*, for the contest of a domestic will. If the legislature had intended to give such right to infants the proviso to said section should have been omitted. The only effect of the proviso was to limit to three years the time within which all persons without exception could commence an action to contest a foreign will, as provided in said section. This was clearly the intent of the legislature, for it is what that body has said in plain words. It follows that section 2771 (2601), *supra*, does not apply to contests of foreign wills authorized by section 2770 (2600), *supra*. Appellee insist that section 297, Burns' R. S. 1894 (296, R. S. 1881), which was enacted in 1881, and provides that "Any person being under legal disabilities when the cause of action accrues, may bring his action within two years after the disability is removed," should be construed with said section 2770 (2600), *supra*. It is settled law in this State, however, that our statute authorizing the contest of wills creates a right that would not exist in its absence, and that the right given must be exercised within the time fixed by such statute, and that this right is not extended or limited by the general statute of limitations contained in the code of civil procedure. *Bartlett* v. *Manor, supra*, and authorities cited.

It is contended by appellee that the action of the

Vanderburgh Circuit Court in ordering a copy of the will and probate thereof recorded and filed was without jurisdiction and void, for the reason that no petition was filed by any person interested in the will, nor did it appear that any property existed in the county on which the will would operate. A petition in such case would have been proper, but there is no statute requiring any petition to be filed in such a proceeding. Section 2773, Burns' R. S. 1894 (2593, R. S. 1881), concerning the filing and recording of foreign wills in this State, provides that a copy of the will and probate may be produced, by any person interested therein, to the circuit court of the county in which there is any real estate upon which the will may operate. The person interested in the will is not required to appear in person and produce the will, this may be done by his agent or attorney, as in other cases. The court assumed jurisdiction of the proceeding and made the order, and the copy of the will and probate was duly filed and recorded as required by statute.

When the jurisdiction of such a court depends upon the finding of certain facts, the exercise of jurisdiction implies the finding of such facts. *Jackson* v. *State,* 104 Ind. 516, 520; *Osborn* v. *Sutton,* 108 Ind. 443, 445; *Sims* v. *Gay,* 109 Ind. 501, 503; *Ney* v. *Swinney,* 36 Ind. 454, 457; *Thornton* v. *Baker,* 15 R. I. 553, 10 Atl. 618; *Wyatt's, Admr.,* v. *Steele,* 26 Ala. 639, 650; *Florentine* v. *Barton,* 2 Wall. 210, 216. It was not necessary, therefore, that all the jurisdictional facts be set out in the order and judgment of the Vanderburgh Circuit Court, a court of general jurisdiction. The exercise of jurisdiction in said proceeding and making the final order and judgment therein implies the finding of the existence of all facts necessary to such jurisdiction. It follows that said judgment of the Vanderburgh Circuit Court rendered on

September 24, 1889, is not therefore null and void, as claimed by appellee, but is in all respects valid.

It follows that the amended complaint does not state sufficient facts to constitute a cause of action. For the same reason the court erred in sustaining appellee's demurrer to appellant's answer.

The conclusion which we have reached renders it unnecessary for us to determine whether under the laws of this State the birth of legitimate issue to a married woman after she has made her will revokes such will.

Judgment reversed, as to all the appellants except Cornelia M. Winsor, William L. Winsor, Jr., and Annie M. Vanburen, who have filed a release of errors in this court, with instructions for further proceedings not inconsistent with this opinion.