## WHITTENBERGER ET AL. *v.* BOWER ET AL.

[No. 19,720.  Filed March 21, 1902.  Rehearing denied May 27, 1902.]

WILLS. — *Contest.* — *Complaint.* — *Jurisdiction.* — *Presumption.* —Where a complaint, in an action to contest a will, is filed in a circuit court of any county of this State, and the court proceeds to hear and determine the cause, it will be presumed, in the absence of any showing to the contrary, that the court found either that the testator died in the county in which the suit was brought, or that some part of his estate was situated therein, whether the complaint contains such averments or not.

From Huntington Circuit Court; *C. W. Watkins*, Special Judge.

Action by William Bower and others against Cynthia Ann Whittenberger and others. From a judgment in favor of plaintiffs, defendants appeal. *Affirmed.*

*O. W. Whitelock*, *S. E. Cook* and *J. Rowley*, for appellants.

*A. Metzler*, *H. Bernetha*, *Branyan & Feightner*, *M. L. Essick* and *O. F. Montgomery*, for appellees.

DOWLING, J.—This is an action by the appellees to contest the validity of the will of one Josiah Bower, deceased, on the ground that the supposed testator was of unsound mind. The suit was brought in Fulton county, and the venue was changed to Huntington county. A demurrer to the complaint was overruled, and the appellants filed an answer in denial. A trial by jury resulted in a verdict in favor of the appellees, and judgment was rendered thereon. A motion to tax the costs of the contest against the defendants below, other than the person named as the executor of the will, was sustained, and this motion, with the order of the court thereon, are brought into the record by a bill of exceptions. Errors are assigned upon the ruling on the demurrer to the complaint, and on the motion to tax the costs.

The objection taken to the complaint is that it does not affirmatively show that the testator died in Fulton county, where the suit was brought, nor that he left any estate in said county. Because of the failure of the complaint to show one or the other of these facts, the appellants contend that the court had not jurisdiction of the subject of the action. This proposition can not be sustained. It is settled by numerous decisions in this State that, as the circuit court is a court of general jurisdiction, its authority to proceed in a case need not affirmatively appear in the complaint. *Board, etc., v. Tichenor,* 129 Ind. 562, 565, and cases cited, and *Noerr* v. *Schmidt,* 151 Ind. 579. It is said in *Evansville, etc., Co.* v. *Winsor,* 148 Ind. 682, that "when the jurisdiction of such a court depends upon the finding of certain facts, the exercise of jurisdiction implies the finding of such facts." See, also, cases cited.

It is true that the statute declares that the complaint in an action to contest the validity of a will must be filed in the circuit court of the county where the testator died, or where some part of his estate is situated. §2766 Burns 1901, §2596 R. S. 1881, and Horner 1901. But where a complaint is filed in a circuit court in any county of this State,

and the court proceeds to hear and determine the cause, it will be presumed, in the absence of anything showing the contrary, that the court found either that the testator died in the county in which the suit was brought, or that some part of his estate was situated therein. The complaint was sufficient without the averments that the testator died in Fulton county, or that he left any part of his estate there. *Kinnaman* v. *Kinnaman,* 71 Ind. 417; *Lee* v. *Templeton,* 73 Ind. 315.

The taxation of the costs of a contest of a will is largely in the discretion of the court. The provision of the statute is that, "if such cause be decided against the defendants therein, the court may make such orders as to the payment of the costs thereof as it may deem just." §2773 Burns 1901; *Stevens* v. *Stevens,* 127 Ind. 560. The will is not before us, nor the evidence in the cause, and we can not say that there was any abuse of discretion by the court in directing that the costs be paid by the defendants other than the person named in the will as the executor.

We find no error. Judgment affirmed.