## DAVIS v. KENDALL, EXECUTOR, ET AL.

[No. 20,050.    Filed November 18, 1903.]

EXECUTORS AND ADMINISTRATORS.—*Bond to Prevent Sale of Real Estate for Payment of Debts.*—In order to prevent the sale of real estate for the payment of debts as provided by §2527 Burns 1901, a bond with sureties to the satisfaction of the court must be tendered. An answer to a petition to sell which fails to allege that all claims against the estate had been filed, or what the actual indebtedness of the estate amounted to, with an offer to pay the personal debts, is insufficient.  *pp. 412–415.*

APPEAL AND ERROR.—*New Trial as of Right.—Motion.—When Filed.*— A motion for a new trial as a matter of right filed and overruled before judgment was rendered on the verdict presents no question on appeal.  *pp. 415, 416.*

From Tipton Circuit Court; *W. W. Mount*, Judge.

Proceedings by William A. Kendall, executor of the will of Silas I. Davis, deceased, against Isabelle A. Davis and others to sell real estate to pay debts. From a judgment in favor of petitioner, defendant Isabelle A. Davis appeals.  *Affirmed.*

*G. H. Gifford, G. J. Gifford, C. H. Gifford* and *L. B. Nash,* for appellant.

*Edward Daniels, Dan Waugh* and *J. P. Kemp,* for appellee.

MONKS, C. J.—This proceeding was brought by appellee Kendall as executor of the last will of Silas I. Davis, deceased, against appellant, the widow, and others, to sell the real estate of the decedent to pay debts and legacies. Appellant filed an answer in two paragraphs. The executor's demurrer to each paragraph of said answer for want of facts was sustained. Appellant filed a verified cross-complaint alleging that the testator was of unsound mind when he executed said will, and also alleged therein the same facts contained in said paragraphs of answer. A trial of said cause resulted in a verdict and judgment

against appellant on the issues joined in her cross-complaint, and a finding and order to sell the real estate described in the petition.

The errors assigned call in question the action of the court in sustaining the demurrer to each paragraph of appellant's answer to the petition and the action of the court in overruling appellant's motion for a new trial and her motion for a new trial as a matter of right.

It was alleged, in effect, in the first paragraph of answer that said testator died in March, 1901, intestate as to the real estate sought to be sold, leaving neither father nor mother, child nor children, nor their descendants surviving him; that appellant is his only heir, and that she, after his death, elected, in the manner required by law, not to take under the will of said testator; that said executor has no right to sell said real estate except for the payment of debts, and said appellant offered in said paragraph of answer, "to pay over to said executor any deficiency, in the assets of the personal estate of said Davis that may be required to discharge the personal indebtedness of said deceased. Wherefore, the defendant asks, upon the facts set forth in this answer, that the executor be not allowed to sell the real estate described in the petition, and that the defendant be ordered to pay over any deficiency in the assets of the personal estate of Silas I. Davis that may be required to discharge the personal debts of said Davis, deceased, and that the defendant be required to give bond as required by law for the payment of such deficiency that may be found in the hands of said executor." In the second paragraph of answer it is alleged that the testator was of unsound mind when he executed said will, and an offer to pay the personal indebtedness was made in the same language as in the first paragraph of answer.

Section 2527 Burns 1901, §2371 R. S. 1881 and Horner 1901, provides: "An order for the sale, lease, or mort-

gage of such real estate shall not be granted if any of the persons interested in such estate shall give bond to the executor or administrator in a sum, and with sureties to be approved by the court, conditioned to pay all liabilities eventually due from the estate, with charges of administration, so far as the personal estate is insufficient." It is evident that said first paragraph of answer was not sufficient under said §2527, *supra,* to prevent the sale of said real estate to pay the indebtedness of said estate. If appellant desired the benefit of said section, she should have presented a bond with sureties, in conformity with said section, to the court for approval, and, when approved, pleaded the same in bar of the action. The court had no power to compel her to give such bond. It is such bond, approved by the court, that prevents the sale of the land, and not the offer to give such bond. It may be true that the court will not order the sale of real estate to pay debts over the objection of the heirs if they pay the same and the costs of administration, but here it was not alleged in said first paragraph of answer that all the debts of said estate and costs of administration had been paid by appellant. She merely offered to pay the personal debts of said estate.

The testator died in March, 1901. The petition to sell was filed July 15, 1901. It was alleged in the petition to sell that the claims filed against the estate at that time, including the widow's $500, she having elected to take under the law, were $5,514.61; that the value of the personal estate was $4,588.38; that the probable value of the real estate was $5,325. Appellant's answer was filed October 5, 1903, long before the expiration of a year from the time of giving notice by the executor of his appointment, as provided in §2465 Burns 1901, §2310 Horner 1901. Moreover, under said section last cited, claims against estates are not barred if not filed within the year after said notice, but may be filed after the expi-

ration thereof thirty days before the filing of the final settlement report of said estate. *Roberts* v. *Spencer,* 112 Ind. 81, 85; *State, ex rel.,* v. *Edwards,* 11 Ind. App. 226, 231, and cases cited. It was not alleged in said first paragraph of answer that all the claims against said estate had been filed, or what the actual indebtedness of said estate was. It is clear that there was no issue made by said answer on the trial of which the amount of said indebtedness could have been authoritatively determined by the court. The court, not being able to determine the actual indebtedness of said estate so as to bind all creditors and the estate, was not in a position to fix the amount necessary to be paid into court or to the executor on account of the insufficiency of the personal property to pay the indebtedness of said estate and cost of administration. The legislature, no doubt, recognizing the impossibility of fixing the correct amount of the indebtedness of an estate so as to bind the creditors of the estate on the trial of a petition to sell land, provided for the execution of a bond, in §2527, *supra,* instead of the payment of money. It follows that the court did not err in sustaining the demurrer to the first paragraph of appellant's answer.

The second paragraph of answer was insufficient for the same reasons.

It is next insisted by appellant that the court erred in overruling her motion for a new trial. Appellees insist that no question is presented by this assignment of error, for the reason that the causes for a new trial depend for their determination upon the evidence which is not in the record under the rule declared in *Chestnut* v. *Southern Ind. R. Co.,* 157 Ind. 509, 512, 513, and cases cited; *Johnson* v. *Johnson,* 156 Ind. 592-594; *Drew* v. *Town of Geneva,* 159 Ind. 364; *Chappell* v. *Jasper County Oil & Gas Co.,* 31 Ind. App. 170, and cases cited. Appellees are correct in this insistence, and on the authority of the cases cited we hold that the evidence is not in the record.

As the motion for a new trial as a matter of right was filed and overruled before judgment was rendered upon the verdict, no question is presented thereby, for the reason that said motion, if a proper one in this case, should have been made after the rendition of judgment on the verdict, and not before. *Personette* v. *Cronkhite,* 140 Ind. 586, 590.

Judgment affirmed.