## THE STATE OF INDIANA, EX REL. GILLISPIE, CLERK, *v.* BARR, SHERIFF.

[No. 21,381. Filed May 25, 1909. Rehearing denied February 4, 1910.]

1. INSANE PERSONS.—*Care of.—Clerks.*—Under §3712 Burns 1908, §2861 R. S. 1881, clerks of the circuit courts are required to care for all persons who, by a proper inquest, have been adjudged as entitled to admission to a hospital for the insane, and may cause them to be confined in the county jail. p. 450.

2. OFFICERS.—*Sheriffs.—Duties.*—The sheriff of the county is the keeper of the county jail, and is required to execute all legal processes. p. 450.

3. STATUTES.—*Construction.—Insane Persons.*—Sections 3706, 3712 Burns 1908, §§2855, 2861 R. S. 1881, relating to the care of the insane, should be liberally construed. p. 450.

4. STATUTES.—*Grant of Principal Power.—Implication.*—The grant of a principal power carries with it by implication the grant of incidental powers necessary to carry out such principal power. p. 450.

5. INSANE PERSONS.—*Clerks' and Sheriffs' Duties.*—Clerks have the general power to issue warrants for the confinement of insane persons in the county jails (§3712 Burns 1908, §2861 R. S. 1881), and sheriffs are required to execute them (§9429 Burns 1908, §5868 R. S. 1881). p. 451.

6. MANDAMUS.—*Petition.—Insane Persons.—Sheriffs.—Inquests.—Notice.*—A petition to mandate a sheriff to commit an insane person ordered committed by the clerk of the circuit court need not set out the jurisdictional matters required by the statute governing inquests, such matters having been determined by the officers holding the inquest, such sheriff being compelled to take notice of such inquest proceedings. p. 451.

State, ex rel., *v.* Barr—173 Ind. 446.

7. INSANE PERSONS.—*Warrant for Commitment to Jail.—Contents.*—A warrant of commitment of an insane person to the county jail need not set out the clerk's reasons for issuing same. p. 451.

8. OFFICERS.—*Sheriffs.—Duties in Serving Warrant of Commitment of Insane Person.*—It is the duty of a sheriff, upon receiving a warrant for the commitment of an insane person, to search for, arrest and confine such person. p. 451.

9. MANDAMUS.—*Alternative Writ.—Practicability of Confining Insane Person.*—An alternative writ of mandate directed to the sheriff for the commitment of an insane person to the county jail, need not allege that it is practicable so to confine such person. p. 452.

10. MANDAMUS.—*Sheriffs.—Clerks as Relators.—Insane Persons.*—A clerk of a circuit court is a proper relator in an action to compel a sheriff to execute a warrant issued by such clerk for the commitment of an insane person. p. 452.

From Jay Circuit Court; *John F. LaFollette,* Judge.

Action by The State of Indiana, on the relation of Frank Gillispie, as Clerk of the Jay Circuit Court, against Samuel H. Barr, as Sheriff of Jay County. From a judgment for defendant, plaintiff appeals. *Reversed.*

*Smith & Moran* and *Roscoe D. Wheat,* for appellant.

*Richard H. Hartford,* for appellee.

MONKS, J.—The relator brought this action to compel appellee, as sheriff of Jay county, to take into his custody and confine in the county jail John Ruple, a person who had been adjudged insane, and a fit subject to be treated as such in a hospital for the insane in the State of Indiana, under the provisions of §§3691-3700 Burns 1908, §§2842, 2843, 2846 R. S. 1881, Acts 1901, p. 529, Acts 1889, p. 391, §1.

A demurrer for want of facts was sustained to the alternative writ, and, relator refusing to plead further, judgment was rendered in favor of appellee.

The assignment of errors calls in question the action of the court in sustaining the demurrer to the alternative writ.

Appellee insists that "the alternative writ was insufficient for the following reasons: (1) A demand on him was

an essential prerequisite to the granting of the alternative writ of mandate; that the only demand alleged in the alternative writ consisted of the delivery to appellee of the warrant issued by the relator as clerk of the Jay Circuit Court, without any other instructions, request or demand, either written or oral, and without any accompanying information as to where said John Ruple was to be found, or whether he was a citizen of, or had a legal settlement in, said State, or whether he had been adjudged insane and a proper subject for treatment in a hospital for the insane, or whether the proceedings necessary to entitle him to be admitted to a hospital for the insane as a patient had been according to law, or whether he was to be kept in jail till admitted to a hospital for the insane, or forever, and without delivering or offering to deliver the body of said John Ruple to appellee, and was wholly insufficient as a demand, for each of the following reasons: (a) The warrant was insufficient, in that it does not show that the proceedings necessary to entitle John Ruple to be admitted as a patient to an Indiana hospital for the insane had been according to law, or that said Ruple was then in Jay county, or in the State of Indiana, or that he was to be confined in jail pending receipt of an order for his admission into a hospital for insane persons, or how long he was to be confined; (b) that the delivery or tendering of the warrant was not accompanied with a delivery of, or offer to deliver, the body of John Ruple to the appellee, but said warrant impliedly, if not expressly, commanded the appellee to go out and hunt for him, and on finding him to arrest and bring him by force to the jail, a thing the appellee was not required by law or by his official duties to do, and which the relator had no legal authority or right to command him to do. (2) It is not averred in either the alternative writ or in the application therefor, that the relator found or deemed it necessary to have the person named confined in jail. (3) It is not

averred in either the alternative writ or in the application therefor that it was practicable to admit John Ruple to, or confine him in the county jail. (4) The relator has no legal right, power or authority to compel by mandate the admission to jail of an insane person under §3712 Burns 1908, §2861 R. S. 1881, by virtue of his official position as clerk of the Jay Circuit Court, and the alternative writ and the application therefor do not show him to have such a personal interest therein as to entitle him to the writ of mandate, as a private citizen. (5) The mandatory part of the alternative writ does not correspond with or follow the prayer for the application therefor.''

It appears from the alternative writ that John Ruple had been adjudged insane under §§3691-3700, *supra,* and that said proceedings had been duly certified to the clerk of the Jay Circuit Court and filed in his office, as required by said sections, and that the relator had made application to the Eastern Indiana Hospital for the Insane, located at Richmond, Indiana, for his admission and treatment as an insane person, and that he had received no notice of the admission of said Ruple; that while waiting for said notice of acceptance, the physician of said Ruple and the father of said Ruple filed affidavits which stated facts showing that said Ruple was at large and dangerous to the community and himself, and that for the personal safety of said Ruple and the safety of the community he should be confined in the county jail; that relator thereupon issued a warrant to appellee, as sheriff of Jay county, commanding him to take charge of said Ruple, and confine him in the county jail until further orders; that said warrant stated that the affidavits of Dr. George L. Perry and M. L. Ruple had been filed in the office of relator, declaring that said Ruple, ''a person adjudged insane, is now violently insane, and liable to do himself bodily harm or to harm others, and that it is necessary for him to be confined in the county jail, and being convinced from the statements of neighbors that it is

necessary, I therefore direct that you, as sheriff of Jay county, take charge,'' etc; that appellee refused to receive said warrant, and declared he would not receive said Ruple into his custody under said warrant and confine him in the county jail until such time as he might be removed to a hospital for the insane; that relator informed said appellee that said Ruple was at said time violently insane and dangerous to the community and to himself.

Section 3706 Burns 1908, §2855 R. S. 1881, requires the clerk, upon the receipt of an acceptance of an application for the admission of an insane person from the superintendent of a hospital for the insane to issue a warrant to the sheriff or other suitable person commanding him to arrest and convey such person to a hospital for the insane.

The clerk is required, by §3712 Burns 1908, §2861 R. S. 1881, to direct how the patient shall be taken care of until he can be admitted. Said section is as follows: ''If,

1. according to the result of the inquest aforesaid, the patient shall be entitled to admission into the hospital, the clerk shall direct how he shall be taken care of until he can be admitted; and, if necessary, may direct his confinement in the county jail.''

The sheriff of the county is made by law the keeper

2. of the county jail, and is required to execute all process directed to him by legal authority. §§9429, 9814 Burns 1908, §§5868, 6118 R. S. 1881.

Sections 3706, 3712, *supra,* imposing duties upon the clerk, are concerning matters in which the public at large are interested, and will therefore be construed liber-

3. ally to effectuate the purpose of said enactment. *Board, etc.,* v. *Davis* (1894), 136.Ind. 503, 511, 22 L. R. A. 515, and cases cited.

The rule is elementary that the grant of a principal power carries with it by implication all other powers

4. necessary to carry out the principal power conferred, and thereby to make effectual and complete what-

ever is authorized to be done by the principal or general authority granted. *Boyce* v. *Tuhey* (1904), 163 Ind. 202, 211, and cases cited; *Studabaker* v. *Studabaker* (1899), 152 Ind. 89, 96; *Leeds* v. *Defrees* (1901), 157 Ind. 392, 397, and cases cited; Black, Interp. of Laws, pp. 62-70.

Tested by this rule, the relator had, under the general power conferred by §3712, *supra,* authority to issue a warrant commanding appellee to arrest and confine said Ruple in the county jail, and §9429, *supra,* made it the duty of appellee to execute the same.

It was not necessary to set forth in said warrant the jurisdictional matters as to the residence, etc., of said Ruple, as required by the section of the statute under which he was adjudged insane. Those matters were determined by the justice of the peace before whom the proceedings were brought and his judgment thereon was conclusive upon said Ruple, the relator and appellee.

A certified copy of these proceedings was on file in the office of the relator, and was a part of the public records of said office, and appellee was bound to take notice thereof, as well as of the law under which said proceedings were had and said warrant was issued to him. Said proceedings showed that Ruple had been adjudged insane, and said fact was sufficiently stated in the warrant.

Neither does the law require that said warrant should contain the reasons why the clerk issued the same. The issuance of the warrant was sufficient evidence that the clerk had decided it was ''necessary that the patient be confined in the county jail until he can be admitted to a hospital for the insane.'' See *Evansville Ice, etc., Co.* v. *Winsor* (1897), 148 Ind. 682, 691, and cases cited.

This was the legal effect of said warrant, as appellee was bound to know. The duties of appellee in the execution of said warrant were the same as in the execution of any other warrant. He was required to search

for, arrest and confine in the county jail the person named, and hold him under §§3691-3700, *supra,* "until he can be admitted" to the hospital.

It was not necessary to allege in the alternative writ that it was practicable to admit said Ruple to and confine him in the county jail. Under the law for committing in-
9. sane persons to the hospitals for the insane (§§3691-3700, *supra*), the clerks of the circuit courts clearly have the power to compel by mandate the performance by the sheriffs of his duty to execute warrants issued
10. thereunder by said clerk, and to confine patients in the county jail on warrants issued for that purpose.

There is no substantial difference between the prayer of the petition and the mandatory part of the alternative writ. Whether such difference, if it existed, would render the alternative writ demurrable, we need not determine.

It follows that the court erred in sustaining the demurrer to the alternative writ. The judgment is therefore reversed, with instructions to overrule said demurrer and for further proceedings not inconsistent with this opinion.