## GRAY v. BLANKENBAKER.

[No. 9,637. Filed November 26, 1918.]

1. APPEAL.—*Presenting Question for Review.—Assignment of Error.—Insufficiency of Complaint.*—An assignment of error that the complaint does not state facts sufficient to constitute a cause of action presents no question for review on appeal. p. 561.

2. APPEAL.—*Presenting Questions for Review.—Assignment of Error.*—An assignment of error predicated on overruling a motion to direct a verdict presents no question for review on appeal. p. 561.

3. NEW TRIAL.—*New Trial as of Right.—Time for Motion.—Premature Motion.*—Where, in an action to quiet title, plaintiff's motion for a new trial as of right was filed prior to rendition of judgment on the verdict, it was not error for the trial court to permit him to withdraw such motion and to refile it at the proper time. p. 561.

4. APPEAL.—*Review.—Complaint.—Amendments Deemed Made.*—In an action to quiet title, a judgment for plaintiff will not be reversed because the complaint does not allege that the real estate involved was situated within the state where there was evidence showing that it was so situated, since, in view of §700 Burns 1914, §658 R. S. 1881, providing that no judgment shall be reversed for an imperfection in pleading which might have been amended in the court below, the complaint will be deemed on appeal as having been amended to conform to the evidence. p. 562.

5. ADVERSE POSSESSION.—*Permissive Use of Land.—Rights Acquired.*—A person cannot acquire any right in land as against the owner by a mere permissive use thereof. p. 563.

6. APPEAL.—*Review.—Instructions.—Consideration as a Whole.—Theory of Case.*—It is proper to present the theory of both parties by instructions within the evidence embodying such theories, and it is unnecessary that the whole law involved be stated in a single instruction where the instructions as a whole state the law correctly. p. 564.

7. APPEAL.—*Briefs.—Presenting Questions for Review.—Construction.*—The mere statement in appellant's propositions and points that the court erred in giving certain numbered instructions is not a compliance with the rule of court relating to statement of propositions or points in the preparation of briefs and presents no question for review, although such statement is followed by a reference to a number of abstract propositions of law, none or which are applied to any particular instruction challenged. p. 564.

8. APPEAL.—*Briefs.—Sufficiency.*—Where appellant directs no point or proposition to grounds for a new trial, the brief fails to comply with the rules governing the preparation of briefs and no question is presented for review, and such failure cannot thereafter be used by a discussion of the alleged errors in the argument. p. 565.

9. APPEAL.—*Review.—Evidence.*—Where the evidence is conflicting the court on appeal will merely determine whether there is any evidence to sustain the verdict. p. 566.

10. APPEAL.—*Presenting Questions for Review.—Objections to Evidence.*—To make alleged error in the admission of evidence available on appeal, the objecting party must state to the trial court, at the time the evidence is offered, the specific objection on which he relies for its exclusion, and only that objection so stated will be considered. p. 567.

11. APPEAL.—*Briefs.—Waiver of Error.*—The failure of appellant to state in his brief any proposition or point with reference to an alleged error predicated on misconduct of counsel in his argument, as required by Rule 22, cl. 5, of the Appellate Court governing the preparation of briefs, waives such error. p. 567.

From Scott Circuit Court; *Robert A. Creigmile,* Judge.

Action by James F. Blankenbaker against James P. Gray and others. From a judgment for plaintiff, defendant James P. Gray appeals. *Affirmed.*

*Samuel B. Wells, Elliott & Houston* and *Walter G. Meade,* for appellant.

*Frank Gardner* and *Wilbur W. Hottel,* for appellee.

BATMAN, J.—This is an action brought by appellee in the Washington Circuit Court against Washington county, Indiana, Pierce and Jackson townships in said county, and appellant, to quiet title to certain real estate. The complaint is in a single paragraph in the usual form. All the defendants, except appellant, filed answers disclaiming any interest in the real estate, and the cause was afterwards dismissed as to such defendants. The issues were closed by an

answer in general denial by appellant. The cause was submitted to a jury for trial. Upon request of appellant, the court instructed the jury to return a verdict in his favor, which was accordingly done. Appellee then filed a motion and an undertaking for a new trial as of right. Prior to a ruling thereon appellee filed his motion for leave to withdraw his application for a new trial as of right, which motion was sustained. Judgment was thereupon rendered in favor of appellant on the verdict of the jury. Thereafter appellee again filed a motion and an undertaking for a new trial as of right, which was sustained. The cause was afterwards sent to the Scott Circuit Court on a change of venue, where it was submitted to a jury for trial. At the close of appellee's evidence, appellant moved the court to peremptorily instruct the jury to return a verdict in his favor, which motion was overruled. The jury returned a verdict for appellee. Appellant thereupon filed a motion to dismiss the cause, and thereafter filed a motion for a new trial, both of which motions were overruled. Judgment was then rendered on the verdict, quieting appellee's title to the real estate in question.

Appellant has assigned the following errors on which he relies for reversal: (1) The complaint does not state facts sufficient to constitute a cause of action against him. (2) The court erred in permitting appellee to withdraw his motion and bond for a new trial as of right. (3) The court erred in permitting appellee to refile his motion and bond for a new trial as of right. (4) The court erred in granting appellee a new trial as of right. (5) The court erred in overruling his motion to peremptorily instruct the

jury to return a verdict in his favor. (6) The court erred in overruling his motion to dismiss the cause of action. (7) The court erred in overruling his motion for a new trial. The first assigned error presents no question for our determination. *Riley* v. *First Trust Co., Admr.* (1917), 65 Ind. App. 577, 117 N. E. 675. The same may be said of the fifth assigned error. *Chicago, etc., R. Co.* v. *Richards* (1901), 28 Ind. App. 46, 61 N. E. 18; *United States, etc., Ins. Co.* v. *Batt* (1912), 49 Ind. App. 277, 97 N. E. 195.

The second, third, and fourth assigned errors relate to the action of the court in granting appellee a new trial as of right, and will be considered together. Appellant does not contend that this is not a case in which appellee was entitled to a new trial as of right under the statute in force at the time he made his application therefor, but contends in effect that the filing of his motion and undertaking therefor, prior to the rendition of a judgment on the verdict, defeats his right thereto. This contention cannot be sustained. The filing of appellee's motion for a new trial as of right, before the rendition of a judgment on the verdict, was premature, and, had it not been withdrawn, it would have been the duty of the court to overrule the same. *Personette* v. *Cronkhite* (1895), 140 Ind. 586, 40 N. E. 59; *Boyd* v. *Schott* (1899), 152 Ind. 161, 52 N. E. 752; *Davis* v. *Kendall* (1903), 161 Ind. 412, 68 N. E. 894. This action on the part of appellee, however, did not affect his right to demand a new trial as of right at a proper time. It has been held that the erroneous ruling of the court, on a prior motion for a new trial as of right, did not preclude the granting of such a

new trial on a second application therefor. *Warburton* v. *Crouch* (1886), 108 Ind. 83, 8 N. E. 634. For a much stronger reason we must hold that such a motion, filed prematurely, but withdrawn before the court ruled on the same, does not render the subsequent action of the court in granting a new trial as of right, on a proper application made at a proper time, erroneous. Appellant cites the case of *Coan* v. *Grimes* (1878), 63 Ind. 21, to sustain his position, but the facts of that case are so widely different from the case at hand as to render it inapplicable.

Appellant's sixth assigned error challenges the action of the court in overruling his motion to dismiss the cause, made after the jury returned a verdict in favor of appellee. A number of reasons are set out in the motion in support of the same, but all are evidently based on the fact that the complaint does not allege that the real estate in question is situated in the State of Indiana. Appellant claims that by reason of this fact the trial court was without jurisdiction of the subject-matter of the action. This claim cannot be sustained.

It will be noted that this is an action to quiet title to real estate. It was begun in the Washington Circuit Court, and transferred to the Scott Circuit Court on a change of venue, where it was finally tried, and the judgment from which this appeal is prosecuted was rendered. These are courts of general jurisdiction, and therefore the facts which give them jurisdiction of a cause need not affirmatively appear on the face of the complaint. *Kinnaman* v. *Kinnaman* (1880), 71 Ind. 417; *Whittenberger* v. *Bower* (1902), 158 Ind. 673, 63 N. E. 307. It has been held that, when the jurisdiction of such courts depends upon the finding

of certain facts, the exercise of jurisdiction implies the finding· of such facts.  *Evansville Ice, etc., Co.* v. *Winsor* (1897), 148 Ind. 682, 48 N. E. 592.  Moreover, in· this case there was evidence that the real estate in question was situated in Washington county, Indiana.   Section 700 Burns 1914, §658 R. S. 1881, forbids the reversal of a judgment because of an imperfection in a pleading, which might have been amended in the court below to conform to the evidence.   The complaint in this case might have been so amended, and we must so consider it on appeal.  *Kuhn* v. *Powell* (1916), 61 Ind. App. 131, 111 N. E. 639; *Union Frat. League* v. *Sweeney* (1916), 184 Ind. 378, 111 N. E. 305. It follows that no reversible error was committed in overruling appellant's motion to dismiss.

Appellant's seventh assigned error relates to the overruling of his motion for a new trial.  This motion is based in part on the action of the court in giving a series of ten instructions at the request of appellee.  Among these instructions are Nos. 18 and 20, which appellant claims are in irreconcilable conflict with instructions Nos. 5 and 7 given by the court at the request of appellant, and hence tended to confuse the jury as to the law of the case.  The import of said instructions Nos. 18 and 20 was to inform the jury that appellant could not acquire any right in the land in question by a mere permissive use thereof.  That such is the law of this state is well settled by many decisions. *Parish* v. *Kaspare* (1887), 109 Ind. 586, 10 N. E. 109; *Shellhouse* v. *State* (1887), 110 Ind. 509, 11 N. E. 484; *Conner* v. *Woodfill* (1890), 126 Ind. 85, 25 N. E. 876, 22 Am. St. 568; *Smith* v. *Ponsford* (1915), 184 Ind. 53, 110 N. E. 194; *Kibbey* v. *Richards* (1902), 30 Ind.

App. 101, 65 N. E. 541, 96 Am. St. 333; *Lucas* v. *Rhodes* (1911), 48 Ind. App. 211, 94 N. E. 914. Said instructions Nos. 5 and 7 correctly state the law where an interest has been acquired in real estate, through a license which has become irrevocable, because of the expenditure of money or labor upon the faith thereof. These instructions, given at the request of the parties, covered different phases of the case, in accord with their opposing theories. This was proper under the evidence. No attempt was made to state the whole law involved in a single instruction. This was not necessary, as it suffices if the instructions, when taken as a whole, state the law correctly. *Chicago, etc., R. Co.* v. *Lain* (1914), 181 Ind. 386, 103 N. E. 847; *Danville Trust Co.* v. *Barnett* (1916), 184 Ind. 696, 111 N. E. 429. Appellant's theory of the case was presented to the jury by the latter instructions, and we see no just ground for complaint because the court presented appellee's theory by the former instructions. We find no error in giving either of said instructions, nor in giving instruction No. 13 at the request of appellee, which is of similar import.

Appellant in his propositions and points has stated that the court erred in giving instructions Nos. 12, 17, 19, 21, 22, 26, and 27. This is not a compliance with the rule relating to a statement of propositions or points in the preparation of a brief. *Evansville, etc., R. Co.* v. *Hoffman* (1918), 67 Ind. App. 571, 118 N. E. 151. This statement, however, is followed by a reference to eight abstract propositions of law, supported by authorities, none of which are applied to any particular instruction of the number challenged. These fail to supplement the

original propositions or points with reference to said instructions so as to bring them within the rules. *Chicago, etc., R. Co.* v. *Biddinger* (1916), 63 Ind. App. 30, 113 N. E. 1027. Under these circumstances no question is presented for our consideration with reference to the instructions last named. However, we have carefully examined them in the light of the abstract principles of law stated, and failed to find that the court committed any error in giving the same.

Appellant assigned, among his reasons for a new trial, that the verdict of the jury is not sustained by sufficient evidence and is contrary to law, but 8. has not specifically directed any proposition or point toward these reasons, as required by the rules governing the preparation of briefs. *Cleveland, etc., R. Co.* v. *Ritchey* (1916), 185 Ind. 28, 111 N. E. 913. A failure to comply with such rules in this regard cannot thereafter be cured by a discussion of the alleged error in the argument. *Moore* v. *Ohl* (1917), 65 Ind. App. 691, 116 N. E. 9; *Evansville, etc., R. Co.* v. *Hoffman, supra.* However, we find in appellant's brief, under his seventh assigned error, a number of pages containing abstract propositions of law supported by authorities, following the subheads of "Statute of Limitations," "Parol Agreements," and "Easements by Prescription," which we shall assume were intended to apply to the reasons for a new trial stated above. The record discloses that appellant sought to defeat the rights which appellee asserted in his complaint, by proof of certain rights in himself, acquired by contract or by prescription, or through a license which had become irrevocable by reason of the performance of labor or ex-

penditure of money in reliance thereon. On the other hand, appellee asserts that the evidence is of such a character as to show, or at least to justify an inference, that the use of the ways in question were permissive in their origin, and that their use was never under a claim of right, or adverse to his rights or the rights of those under whom he claimed, as owners of the fee. These opposing contentions were submitted to the jury for its determination, under the instructions of the court. The finding was in favor of appellee. The evidence was conflicting and largely parol.

Under these circumstances the only question 9. we are called upon to determine in that regard is whether there is any evidence to sustain the verdict. This is true, although such evidence may be strongly contradicted and not entirely satisfactory. *Thompson* v. *Beatty* (1909), 171 Ind. 579, 86 N. E. 961; *Warner* v. *Jennings* (1909), 44 Ind. App. 574, 89 N. E. 908; *Hollingsworth* v. *Hollingsworth* (1912), 50 Ind. App. 137, 98 N. E. 79; *Monongahela River, etc., Coke Co.* v. *Walts* (1914), 56 Ind. App. 235, 105 N. E. 160; *Public Utilities Co.* v. *Cosby* (1915), 60 Ind. App. 252, 110 N. E. 576. There was at least some evidence to support appellee's contention with reference to appellant's use of the ways in question. But appellant insists that the evidence shows that appellee's right of action is barred by the statute of limitations. There is evidence from which the jury may have found that any adverse claim made by appellant to the real estate in question, of which appellee had notice, was within the fifteen years immediately preceding this action. Under these circumstances we cannot sustain appellant's contention in this regard. 32 Cyc 1344; *Pleasants* v. *Blodgett* (1894), 39 Neb.

741, 58 N. W. 423, 42 Am. St. 624; *O'Neill* v. *Wilcox* (1901), 115 Ia. 15, 87 N. W. 742. There appears to be some evidence to sustain the verdict on every material issue involved, and we find no ground for holding that it is contrary to law.

Appellant contends that the court erred in the admission of certain evidence. In order for any such error to be available on appeal, it is necessary 10. that the objecting party state to the trial court, at the time the evidence is offered, the specific objection on which he relies for its exclusion, and only such objection so stated will be considered on appeal. Appellant's brief does not disclose a compliance with this rule in the court below, and hence there is no question presented for our determination in regard to the admission of evidence. *Decker* v. *Mahoney* (1917), 64 Ind. App. 500, 116 N. E. 57, and authorities there cited.

Appellant states in his motion for a new trial that the court erred in permitting counsel for appellee to make certain statements in his argument to 11. the jury, but has failed to state in his brief any proposition or point with reference to the same, as required by clause 5 of Rule 22, governing the preparation of briefs. It has been repeatedly held that a failure to properly present an alleged error waives the same, and hence no question is presented as to the alleged misconduct of counsel. *Duffy* v. *England* (1911), 176 Ind. 575, 96 N. E. 704; *Moore* v. *Ohl, supra; Evansville, etc., R. Co.* v. *Hoffman, supra.*

We find no available error in the record. Judgment affirmed.

Hottel, J., not participating.

Note.—Reported in 121 N. E. 84.