Conner *v.* Woodfill *et al.*

No. 14,616.

## CONNER *v.* WOODFILL ET AL.

EASEMENT.—*Discharge of Rain-Fall upon Adjoining Owner's Lot.—Trespass.— Damages.*—One who sheds the water from his building by means of spouts so as to throw it upon the lot of an adjoining owner is guilty of a trespass, and is liable to an action for the injuries occasioned thereby.

SAME.—*Shedding Rain-Water.—Continuance of by Sufferance.—Easement not Acquired.*—Where the discharge of water from a building upon the adjoining owner's lot is continued for more than twenty years, merely by the sufferance of such owner, without any assertion of right on the part of the owner of the building, no easement is acquired.

From the Decatur Circuit Court.

*W. A. Moore* and *C. Shane,* for appellant.

*M. D. Tackett* and *B. F. Bennett,* for appellees.

BERKSHIRE, C. J.—This is an action to recover damages for an alleged injury to real estate.

The appellees have filed no brief, and, except so far as we are informed by the brief of the appellant, we have no information as to the position assumed by the appellees in the trial court.

The court sustained a demurrer to the appellant's complaint, and being willing to abide thereby he refused to amend, and the court rendered judgment against him for want of a sufficient complaint.

The only question presented by the assignment of error is as to the propriety of the ruling of the court sustaining the demurrer to the complaint.

The complaint alleges that the parties were, and are, adjoining lot-owners in the city of Greensburgh, their lots being of equal size, 60x120 feet, and lying side by side; both lots front to the north, the appellant's being on the west. The appellant has occupied his lot as his place of residence, and the appellees have their church upon theirs.

The appellees erected their church in the year 1866; the

size of the building is 50x50 feet, and its west wall is 8 feet from the east line of the appellant's lot.

The rain-fall upon the building is shedded, as near as may be, one-half to the east and the other half to the west; at the southwest and northwest corners of the building are down spouts to receive and carry from the building the water which is shedded to the west side of said building; passing through these spouts to the ground the water passes off the appellees' lot and on the lot of the appellant, to his injury, etc.

There has been no change in the conditions since the erection of the church, which was over twenty years before the commencement of this suit.

It is averred that the appellant at no time availed himself of the statute to prevent one land-holder from acquiring an easement over the real estate of another. But it is also averred that frequently during the time intervening from the date at which the church was erected and the institution of this action, the appellant complained frequently, and often protested to the appellees because of the discharge of the water from their said building upon his lot, and that they as frequently promised and assured him that they would remove the cause leading to the injury of which he ·complained.

We think there can be no doubt but that the appellees were in the beginning, and at any time within twenty years thereafter, liable to an action for the injuries complained of.

The appellees were trespassers whenever they shed the water from their building so as to throw it upon the appellant's lot. *Bellows* v. *Sackett*, 15 Barb. 96 ; *Weis* v. *City of Madison*, 75 Ind. 241 ; *Templeton* v. *Voshloe*, 72 Ind. 134; *Lynch* v. *Mayor, etc.*, 76 N. Y. 60 ; *Miller* v. *Laubach*, 47 Pa. St. 154; *Pettigrew* v. *Village of Evansville*, 25 Wis. 223 ; *North Vernon* v. *Voegler*, 89 Ind. 77 ; *Seely* v. *Alden*, 61 Pa. St. 302 ; *Adams* v. *Hastings, etc., R. R. Co.*, 18 Minn. 260.

And they are still wrong-doers unless by twenty years adverse enjoyment they have acquired an easement.

The use which ripens into an easement is adverse to the land-holder, and continuous and uninterrupted for twenty years. The statute, section 4321, so provides.

It reads : " The right of way, air, light, or other easement from, in, upon, or over the land of another, shall not be acquired by adverse use, unless such use shall have been continued uninterruptedly for twenty years." And so are all the authorities. *McCardle* v. *Barricklow,* 68 Ind. 356, and cases cited ; *Parish* v. *Kaspare,* 109 Ind. 586.

In this case it is said : "An owner of land is not shorn of his right by merely permitting as a favor another to pass over his land. In order to establish a prescriptive right something more than mere permissive user must be shown." Citing Goddard Easements (Bennett's ed.), 134. It is further said : " It is not necessary, to establish a prescriptive easement, that there should be color of title ; but it is necessary that the use be under an assertion of right, and not simply a user under a naked license."

The appellees by their demurrer admit the allegations of the complaint to be true.

The allegations in the complaint rebut any assertion of right on the part of the appellees to flow the water, shed from their building, upon the appellant's lot, but it was continued merely by his sufferance.

We are of the opinion that the complaint is good, and that the court erred in sustaining the demurrer to it.

Judgment reversed, with costs.

Filed Nov. 18, 1890.