Harding *et al. v.* Cowgar *et al.*

Filed Feb. 17, 1891.

---

No. 14,728.

## HARDING ET AL. *v.* COWGAR ET AL.

EASEMENT.—*Right of Way.—Obstruction.—Suit to Enjoin——Pleading.*—A complaint in a suit to enjoin the obstruction of a private way which bases the right of the plaintiffs to the way on two grounds, a right of necessity and a right by prescription, states but a single cause of action, as the cause of action rests upon the threatened obstruction.

SAME.—*Pleading.—Complaint.*—Such a complaint, alleging that the way claimed is a well-defined road, thirty feet wide, which had been in use for more than twenty years, and was then open and in use, is sufficiently specific without setting out the beginning, course and termini of the way.

SAME.—*Prescription.*—In a suit to enjoin the obstruction of a private way a complaint which alleges that about fifty years prior to the commencement of the suit J. was the owner of the land described in the complaint; that he conveyed the land owned by the plaintiffs to R., through whom they claim; that J. afterwards conveyed the land owned by the defendants; and that for more than twenty years the plaintiffs and their grantors have enjoyed, as of right, and without interruption, a way over the land of the defendants, shows a right of way by prescription.

SAME.—*Public Highway.—Obstruction of.— Abutting Owner.— Injunction.*—Where land is so situated with reference to a public highway that such highway is necessary to ingress and egress to and from such land, the owner has a private easement in the public highway, and may maintain an action for its obstruction.

SAME.— *Complaint.—Necessary Averment.*—To maintain an action to enjoin the obstruction of such public highway it should be described in the complaint as a public highway.

PLEADING.—*General Denial.—Demurrer.—Harmless Error.*—When the general denial is pleaded no available error is committed by sustaining a demurrer to another answer which sets up such facts only as are admissible in evidence under the general denial.

SAME.—*Partial Defence.*—A pleading purporting to answer the whole com-

plaint, and the matters therein pleaded, amounting to a partial defence only, is bad on demurrer.

From the White Circuit Court.

*R. Gregory,* for appellants.

*T. F. Palmer, A. K. Sills, A. W. Reynolds* and *E. B. Sellers,* for appellees.

COFFEY, J.—This was a suit by the appellees against the appellants to enjoin the obstruction of an alleged private way.

The complaint alleges, in substance, that the appellees are the owners in fee of a certain described tract of land in White county, Indiana ; that they reside upon said land, and have built, use, and occupy houses and barns thereon, and culti- vate said land, and raise crops thereon for the general mar- ket ; that their nearest and only available market for said crops is the town of Monticello, which is within one mile of said land ; that in order to reach said market it has ever been necessary that the appellees and their grantors should have a free and unobstructed passageway and road from said town to their land ; that the appellants own certain described land intervening between the land of the appellees and said town ; that for more than twenty years last past, and con- tinuously and uninterruptedly ever since, the appellees and their grantors have held and enjoyed their land ; that they have used, claimed, and occupied, an easement and right to pass and travel, by a well-defined road, over the lands of the appellants, from said town to appellees' land for more than twenty years by wagons, and every and all usual methods of conveyance, unobstructed by gates, fences, or other hin- drances, adversely to any claim of ownership by the appel- lants or their grantors, or any other person ; that said road- way and passage is clear and distinct, and for said period of more than twenty years has existed, as it now exists, thirty feet wide ; that in defiance of the appellees' rights and ease- ment appellants are threatening to, and are about to, close

up and obstruct said way and passage, and hinder and prevent appellees from passing to and from their land, as they have long been accustomed to do, by building a fence, or gate, across the roadway; that appellees have not procured, and can not procure, any other means of access or egress to and from their land; that on the 4th day of May, 1835, one John Rothrick owned all the real estate described in the complaint in fee simple, and on said day he conveyed to Robert Rothrick the real estate upon which the appellees reside, and that appellees derive their title thereto from conveyance from the said Robert Rothrick and his grantees; that said John Rothrick afterwards conveyed the real estate now owned by the appellants; that for more than twenty years last past the appellees and their grantors have enjoyed, as of right, and without interruption, said way from their land over the land of the appellants to a public street in the town of Monticello, at all times, for the more convenient occupation of their land, and without said way there was, and is, no way of reaching the land of the appellees; and that said road is the way over the land of the appellants that will least damage said land.

The appellants filed a motion to compel the appellees to paragraph the above complaint, upon the ground that it contained two separate and distinct causes of action, which motion was overruled by the court.

They also filed a motion to compel the appellees to make their complaint more specific in this, to wit: To set out the beginning, course and termini of the private way named in the complaint, but this motion was also overruled by the court.

The appellants then filed a joint answer consisting of four paragraphs, the first being a general denial.

The court sustained a demurrer to the second, third and fourth paragraphs of the answer and the appellants excepted.

A trial of the cause, by the court, without the intervention of a jury, resulted in the granting of a perpetual in-

junction as prayed in the complaint, from which this appeal is prosecuted.

We do not think the court erred in overruling the motion of the appellants to compel the appellees to paragraph their complaint. This is not an action to establish a right of way over the lands of the appellant, but is an action to enjoin the appellants from obstructing a road already established. It is true the appellees seem to base their right to the way upon two grounds, namely, a right of necessity and a right by prescription, but the cause of action rests upon the threatened obstruction of the road described in the complaint. There is but one cause of action stated. Nor do we think the court erred in overruling the motion to compel the appellees to make their complaint more specific.

It is alleged that the way claimed by the appellees is a well defined road, thirty feet wide, which had been in use for more than twenty years, and was then open and in use.

As this was not an action to establish a way, but was an action to prevent the obstruction of one already established, we think the description was sufficiently specific.

It is also objected that the complaint does not state facts sufficient to constitute a cause of action, but we think it clearly appears from the complaint that the appellees have a right of way over the lands of the appellants by prescription. *Parish* v. *Kaspare*, 109 Ind. 586; *Hill* v. *Hagaman*, 84 Ind. 287.

The second paragraph of the answer averred that within the last twenty years one of the owners of the land, in which the appellees claim the easement, interrupted it by obstructing said way.

The third and fourth paragraphs of the answers state substantially the same facts, namely : that at the time of the purchase and occupancy of the land owned by the appellees there was a public highway passing through said lands, which connected with other highways and gave the appellees access to the town of Monticello and all other points;

Harding *et al. v.* Cowgar *et al.*

that the appellees obstructed said highway by fencing the same up and thereby cutting themselves off from said town and the markets therein.

Without inquiring whether the second paragraph of the answer was otherwise good, it is sufficient to say that the matter therein pleaded was admissible in evidence under the general denial, which was pleaded. When the general denial is pleaded no available error is committed by sustaining a demurrer to another answer which sets up such facts only as are admissible in evidence under the general denial.

The third and fourth paragraphs of answer are pleaded as a defence to all the matters set up in the complaint. As we have seen, this is not an action to establish a way, but to enjoin the obstruction of one already established. It is perfectly clear that these answers constituted no defence to the easement created by prescription, and for this reason the court did not err in sustaining a demurrer to them.

Finally, it is claimed by the appellants that the finding of the court is not sustained by the evidence in the cause.

It is contended that the uncontroverted evidence in the cause proves that the way in controversy is a public highway and not a private way.

Where land is so situated with reference to a public highway that such highway is necessary to ingress and egress to and from such land, the owner has a private easement in the public highway, and may maintain an action for its obstruction. *Ross* v. *Thompson,* 78 Ind. 90, and authorities there cited.

In order to maintain an action to enjoin the obstruction of such public highway, however, it should be described, in the complaint, as a public highway.

In this case the evidence tends to show that the way in dispute between the parties in this suit constituted a part of a public highway, known as the Monticello and Pittsburgh road. It crossed the Tippecanoe river near the land now

The Farmers Loan and Trust Co. v. The Canada and St. Louis R'y Co. et al.

owned by the appellees. Nearly twenty years before the commencement of this suit a dam was constructed across the river below the ford at which the road crossed, which backed the water to such a depth as to destroy the ford.

The evidence tends to show that after the destruction of the ford, that portion of the public highway embracing the way now in controversy was abandoned as a highway and has since been used by the appellees, and those through whom they make their title, as a means of ingress and egress to and from the appellee's land.

We can not say that the court could not have legally drawn the conclusion, from the evidence in this cause, that this way had ceased to be a public highway and was now a private easement appurtenant to the land of the appellees.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed.

Filed Feb. 17, 1891.