Filed Nov. 17, 1891.

---

No. 15,159.

BALES *v.* PIDGEON.

EASEMENT.—*Prescription.— Use for More than Twenty Years.*—Where, by agreement, a right of way is established by mistake over the land of another, and its use is continued for more than twenty years, a title is acquired which is appurtenant to and passes with the land.

SAME.—*Effect of Subsequent Survey.*—No survey after twenty years can change the rights of the parties, or entitle the one over whose land such right of way has been established to interfere with its free use.

From the Henry Circuit Court.

*J. M. Brown,* for appellant.
*J. M. Morris,* for appellee.

OLDS, J.—The contest in this case is over a right of way from the land of the appellee to a public highway. The facts, as found by the court, are substantially, as follows: Mary Pidgeon owns forty-five acres of land. Immediately on the south of it is a tract owned by Solomon Bales, appellant. There is a public highway, known as the Franklin and Circleville turnpike, running through the tract owned by said appellant, Bales. In 1839, George Nicholson owned the land now owned by said Bales, and David Pidgeon owned the eighty acres lying immediately on the west of the tracts now owned by the appellant, and also owned the tract now owned by said appellee, Mary Pidgeon. The said Nicholson and David Pidgeon, being desirous of ascertaining the line

running north and south, and dividing their two tracts, the one now owned by Bales and the eighty lying west of it, took a rod pole and measured the same, and ascertained where, in their judgment, the true line was situated. It was then agreed that said David Pidgeon was to have a road leading from the Franklin and Circleville turnpike to the tract of land then owned by David Pidgeon, on the north of the said Nicholson tract, a part of which is now owned by said appellee, and on which she now resides, and has improvements. The road was thus located all upon the land of said David Pidgeon, according to the line thus ascertained and agreed upon, and the fence of said Nicholson was built on the east line of said road, or right of way, it being agreed that that was his west line; that ever since said date said road has been opened and used continuously as an exit from the land of Mary Pidgeon to the Franklin and Circleville turnpike to a width of sixteen feet, and fenced on both sides, open at the end, and it has been continuously used by the appellee, her grantors, and the public generally, and his and her grantors have had the exclusive, open, and undisputed possession, enjoyment, and use of said road, so opened, to pass to and from the real estate, and buildings thereon so owned by the appellee. The land owned by Nicholson has, by mesne conveyances, been transferred to and is now owned by the appellant; that in 1887 there was a survey made to ascertain the line between said tracts of land aforesaid. According to such survey of the line between the said tracts of land so owned by the said David Pidgeon on the west of said tract owned by appellant, Bales, and the said tract so owned by Bales, the west line of the tract owned by Bales was ten or twelve feet west of the old line agreed upon between Nicholson and Pidgeon, and which had been acquiesced in as the true line from 1839 to the survey in 1887; that after the survey said Bales moved his fences and obstructed said roadway, so long used and occupied as aforesaid, by moving his

fence over eleven or twelve feet, and by fencing the ends, and putting up gates.

The appellee brought this action to establish her right to the road, and the court found in her favor.

The facts found do not show that this roadway was occupied under a license from the appellant or his grantors, or any of them.    It shows that the owners of the two tracts, in 1839, measured the land and agreed as to the location of the division line, and the road was located upon the land of Pidgeon, and was fenced and used by David Pidgeon and his grantees, and the successive owners of the land, as a way to and from the land now owned by said appellee; they using and occupying the same as owners of the land, not acknowledging or having any knowledge that the appellant or his grantors had any interest in or right to the land so used as a roadway and passage for the owner and occupants of the land and the general public to and from the land.    This occupancy continued for nearly fifty years.    They had acquired an interest and right to use the land, which became and was appurtenant to the land and passed with the land.    *Parish* v. *Kaspare,* 109 Ind. 586; *Bowen* v. *Swander,* 121 Ind. 164.

The subsequent survey of the land gave to the appellant no right to the land.    *Riggs* v. *Riley,* 113 Ind. 208.    The title to the land had before that time been fixed by the use and occupancy as of right for more than twenty years, and no survey could change the rights of the parties.    The occupancy and use in this case was not an occupancy and use of a private way over the land of appellant and his grantor, but the occupancy commenced by David Pidgeon throwing open a way over his own land to another tract owned by him, and as the land with which the road connected was transferred, it continued to be occupied as of right, and as belonging to the eighty-acre tract on the west of the appellant, and his right to interfere with such roadway has long since ceased. If it had been originally established and used as a right of way over the appellant's or his grantor's land under a license,

and the appellee was only attempting to interfere with it by placing gates at the end, it would present a different question.

From the finding of facts, it appears this road was agreed upon between the owners of the two tracts at the time of the measurement to ascertain the division line. It appears from the finding of facts to have been a part of the same transaction, and that, Pidgeon being desirous of a roadway, the measurement was made, and it was agreed that the road was to be all located on the land of Pidgeon. The measurement was made and the road located on the land of Pidgeon, and fences were built in accordance with such measurement and agreement of the parties, and it was ever afterwards occupied as a part of the Pidgeon tract, and his conveyances were made with reference to it, and his grantees, the successive owners, continued to occupy the same and have the free and undisputed use of it. *Robinson* v. *Thrailkill,* 110 Ind. 117.

There is no error in the record:

Judgment affirmed, with costs.

Filed Nov. 20, 1891.