Kibbey *v.* Richards.

## KIBBEY *v.* RICHARDS.

[No. 4,075.   Filed November 25, 1902.]

EASEMENTS.—*Private Way.—User.*—In order to acquire a private right of way over the lands of another by prescription, the use of the way must have been continuous, uninterrupted, and adverse, under a claim of right, and with the knowledge and acquiscence of the owner of the land. A landowner parts with none of his rights by simply permitting another to pass over his land.

From Grant Circuit Court; *H. J. Paulus,* Judge.

Action by Osmer Kibbey against Jacob Richards to quiet title to a private way. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*John A. Kersey*, for appellant.
*Foster Davis*, for appellee.

ROBINSON, J.—Appellant in his complaint avers that he is the owner in fee and in possession of a certain described tract of land; that the same is all the land he owns, and that there is no public highway bordering thereon or coming thereto from any direction; that for more than thirty years there has been a private way running east from the southeast corner of appellant's land to a gravel road; that this way is and for more than thirty years has been thirty feet in width; that appellee is, and during all of this time has been, the owner of the land abutting on this way on the north side thereof, and his fence dividing it from his land during all this time has been fifteen feet north of the center line thereof; and that he has at all times acquiesced in and recognized the right of appellant and his predecessors in the title to and ownership of such land to use this private way in its full width, and up to his fence fifteen feet north of the center of the way. It is further averred that on or about December, 1899, appellee moved his fence thirteen feet south, and into this way throughout its entire length, thereby destroying appellant's easement and way, and thereby cutting the plaintiff off from all ingress to and egress from his land, creating and constituting a nuisance which is irreparably injurious to appellant, and thereby rendering his land of no value. A trial by jury resulted in a verdict in appellee's favor, upon which, over appellant's motion for a new trial, judgment was rendered. As stated in appellant's brief, "the issue was simply whether or not the road had been established and used as such long enough to constitute a road and entitle the appellant to insist on its remaining."

The only question argued is that the verdict is contrary to the evidence. A person may acquire a private right of way over the lands of another by prescription. The use

of the way must have been continuous, uninterrupted, and adverse, under a claim of right, and with the knowledge and acquiescence of the owner of the land.   Such use must not at any time have been interrupted by the act of the owner of the land, nor abandoned by the party claiming the right.   "If," said the court in *Fankboner* v. *Corder,* 127 Ind. 164, 166, "there has been the use of an easement for twenty years, unexplained, it will be presumed to be under a claim of right, and adverse, and be sufficient to establish a title by prescription, and to authorize the presumption of a grant, unless contradicted or explained."   If, on the facts pleaded, appellant had no more than a license to use the land of appellee, such license was revocable at the will of the person granting it, as it does not appear that any consideration was paid for it, or that any value was parted with on the faith that the license was perpetual.   *Rogers* v. *Cox,* 96 Ind. 157, 49 Am. Rep. 152; *Clauser* v. *Jones,* 100 Ind. 123; *Malott* v. *Price,* 109 Ind. 22; *Wiseman* v. *Lucksinger,* 84 N. Y. 31, 38 Am. Rep. 479.

A landowner parts with none of his rights by simply permitting another to pass over his land.   Permissive use is not sufficient to establish a prescriptive right.   "The use of land," said the court in *Parish* v. *Kaspare,* 109 Ind. 586, "for the purpose of passing over it is not inconsistent with the right of ownership, and where there is no inconsistency between the use and the ownership, there can be no prescriptive right.   It is not necessary, to establish a prescriptive easement, that there should be color of title; but it is necessary that the use should be under an assertion of right, and not simply a user under a naked license."   See *Hill* v. *Hagaman,* 84 Ind. 287.

There is evidence to show that appellee first opened the way for his own convenience, and that it was originally intended and used for a way for stock to pass to and from the highway.   The evidence shows no more than the permissive

use of the way; that when appellant was placing gravel on the way appellee notified him not to place any on his side of the lane, as he intended to move the fence and close it. We think it sufficiently appears, from all the facts and circumstances proved, that appellee always claimed the right to close the way; that appellant's use of the way was simply permissive; and that by such user appellee parted with none of his rights.

There is no error in the record. Judgment affirmed.