## SMITH ET AL. *v.* PONSFORD.

[No. 22,940. Filed November 23, 1915.]

1. EASEMENTS.—*Easement by Prescription.—Permissive Use.*—A use of way which is merely permissive or which is exercised under a mere license can not ripen into an easement no matter how long it may be continued. p. 55.

2. EASEMENTS.—*Easement by Prescription.*—A use of the lands of another will not be deemed adverse so as to ripen into an easement unless it was hostile to the rights of the owner of the fee so as to have exposed the claimant to an action for trespass in case his claim was unfounded, and was exercised under a claim of right in which the owner of the fee, with knowledge thereof, acquiesced. p. 55.

·3. EASEMENTS.—*Easement by Prescription.—Permissive Use.*—While proof of a use which was open and continuous with knowledge on the part of the owner of the land subjected thereto and his acquiescence therein will constitute *prima facie* proof that the use was exercised under a claim of right and was adverse, such *prima facie* case may be rebutted by evidence showing that the use was merely permissive. p. 55.

4. APPEAL.—*Review.—Findings.—Conclusiveness.*—Where there was some evidence to show that an alleged easement of way was merely a permissive use a finding against the party asserting the easement was conclusive. p. 56.

5. EASEMENTS.—*Injunction.*—*Complaint.*—Where a complaint to enjoin the obstruction of a way proceeded on the theory that the way had been acquired by prescription over the land of defendant, averments that such way was the only practicable, feasible and convenient route by which plaintiffs could reach the public highway from their home, were properly stricken out. p. 56.

From Washington Circuit Court; *William H. Paynter*, Judge.

Action by Cassie Smith and another against Samuel Ponsford. From a judgment for defendant, the plaintiffs appeal. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*James G. Berkey* and *Elliott & Houston*, for appellants.

*W. W. Hottel* and *O. K. Hobbs*, for appellee.

LAIRY, J.—This suit was brought by appellants to enjoin appellee from closing up or obstructing a right of way which appellants claimed, extending from their farm over and across the land of appellee to a highway known as the Salem and Corydon road. On final hearing the trial court denied appellants' right to an injunction and entered judgment for appellee. As grounds for reversal appellants assert that the evidence is not sufficient to sustain the finding, and that the trial court erred in striking out parts of the complaint on motion of appellee. The lands owned by appellants do not touch on any highway, but lie about thirty or forty rods west of the Salem and Corydon road, which runs north and south through lands owned by appellee. There can be no doubt from the evidence that appellants have been using for more than thirty years before this suit was commenced a way across the lands lying between their land and the highway, and that the use continued without objection until a short time before such suit was instituted,

when appellee refused to permit them to continue such use.

Appellants claim and seek to maintain a right of way acquired by prescription, and they assert that the evidence without dispute sustains their claim that the way in question has been used continuously without objection for more than twenty years and that the use was open and adverse under a claim of right. On the other hand appellee asserts that the evidence is of such a character as to justify the inference that the use of the way in question was permissive in its origin and the use was never exercised under a claim of right or adversely to the rights of the owner of the fee. It is well settled that a use which is merely permissive or which is exercised under a mere license can not ripen into an easement no matter how long it may be continued. *Conner* v. *Woodfill* (1890), 126 Ind. 85, 25 N. E. 876, 22 Am. St. 568; *Parish* v. *Kaspare* (1887), 109 Ind. 586, 10 N. E. 109. A use of lands of another will not be deemed adverse so as to ripen into an easement unless such use is hostile to the rights of the owner of the fee. It must be of such a character as would expose the claimant to an action of trespass in case his claim was unfounded. The use must be exercised under a claim of right and the owner of the fee having knowledge of the claim must acquiesce in such use. *Palmer* v. *Wright* (1877), 58 Ind. 486; *Kibbey* v. *Richards* (1902), 30 Ind. App. 101, 61 N. E. 541, 96 Am. St. 333.

Appellants rely upon the proposition that where the use of a way is shown to have been open and notorious with the knowledge of the owner of the fee over which it passes, it will be presumed to be adverse under a claim of right unless explained; and that where such use continues

uninterruptedly for twenty years it is sufficient to establish an easement by prescription. A number of cases are cited which sustain the proposition. *Fankboner* v. *Corder* (1891), 127 Ind. 164, 26 N. E. 766; *Sheeks* v. *Erwin* (1891), 130 Ind. 31, 29 N. E. 11. It is true that proof of a use which was open and continuous with knowledge on the part of the owner of the land subjected thereto and his acquiescence therein is sufficient to constitute *prima facie* proof that the use was exercised under a claim of right and was adverse, but the *prima facie* case thus made may be rebutted by evidence which shows that the use was merely permissive, or by proof of facts from which a permissive use may be rightly and reasonably inferred.

Without reviewing the evidence in this case it is sufficient to say that there was ample proof to justify a finding by the trial court that the use of the way was merely permissive during the entire period through which it continued and that it was never exercised adversely under a claim of right. There is at least some evidence to sustain such a finding and that is sufficient to uphold it on appeal.

The court properly sustained the motion of appellee to strike out the parts of the complaint to which it was directed. The parts stricken from the complaint alleged in substance that the way claimed by appellants was the only practicable, feasible and convenient route by which appellants could reach the public highway from their home. The complaint was based on the theory that appellants owned a right of way acquired by prescription over the land of appellee. The purpose of the suit was not to declare and establish a right of way of necessity and the allegations

stricken out had no proper place in the pleading. Judgment affirmed.

NOTE.—Reported in 110 N. E. 194. As to elements of easement, see 136 Am. St. 681. As to burden of showing that use on which an easement by prescription is claimed was permissive, and not under claim of right, see 8 L. R. A. (N. S.) 149; 44 L. R. A. (N. S.) 98. As to acquisition of easement by prescription where original use was under license, see 44 L. R. A. (N. S.) 89. See, also, under (1) 14 Cyc 1151; (2) 14 Cyc 1148, 1150; (3) 14 Cyc 1196; (4) 3 Cyc 360; (5) 14 Cyc 1220.