HUTCHINSON *v.* WORLEY ET AL.

[No. 18,899. Filed December 12, 1958.]

*Arthur D. King* and *Dobbins, King & Cline,* of Columbus, for appellant.

*Leland West,* of Scottsburg, for appellees.

COOPER, J.—This action was instituted by the appellees against the appellant, seeking to have declared a right-of-way in favor of appellees across appellant's land and to perpetually enjoin appellant from closing the same or interfering with appellees' free use thereof.

The complaint was based upon the theory that an easement by prescription had been established by appellees across appellant's land and that the appellant had obstructed said easement by locked gate, or gates, and appellees ask for an injunction restraining the appellant from obstructing said easement or road.

Appropriate answer closed the issues, and the case was submitted to the court for trial. The court, after hearing the evidence, found for the appellees. Upon this finding, judgment was entered in favor of the appellees; and the judgment ordered that the appellant be perpetually restrained and enjoined from preventing the appellees the use and enjoyment of the right-of-way described in their complaint, subject to the maintenance, by appellant, of gates at either end of such right-of-way.

Appellant filed a motion for a new trial, and the

same was overruled, and this appeal has been perfected.

The error assigned on appeal is the alleged error of the trial court in overruling appellant's motion for a new trial.

Under this assignment of error, the appellant contends that the decision of the court is not sustained by sufficient evidence, and the decision of the court is contrary to law. It is the contention of appellant that the evidence is wholly insufficient to establish a right-of-way or easement by prescription across appellant's land in favor of appellees.

The evidence most favorable to the appellees shows that in the year of 1954, appellees purchased what the parties commonly referred to as the Company Farm, which property is located immediately west and adjacent to certain property, commonly referred to by the parties as the Gullett Farm, in Washington County, Indiana, which Gullett Farm became the property of appellant by right of survivorship in the year of 1949.

That more than fifty years ago, a ferry operated across the White River, the southerly terminus of which was located approximately 200 feet west of the east property line of the Gullett Farm. That a road used by the public was established across the northeast corner of the Gullett Farm, starting at a point approximately 300 feet south from the south bank of the White River on the east property line of the Gullett Farm, thence southwest 185 feet, thence northwesterly at right angles about 200 feet to the southerly terminus of said ferry, which road, as above described, was known as the Gullett Ferry Road.

Also, over fifty years ago the ferry ceased operation, and the public, desiring to go to and from the Company

Farm, used the above-described Gullet Ferry Road to where the ferry formerly operated, thence southwesterly and westerly along the south bank of the White River to the Company Farm and thereon west. That in the year of 1909, the owner of the Gullett Farm granted an easement to the owner of the Company Farm for the above-described road along the south bank of the White River, and, in the year of 1924, the owner of the Company Farm quit-claimed his interest in said easement back to the owner of the Gullett Farm.

Also during the period that the above easement was in force, the owner of the Company Farm never objected to the use of said easement by the general public and said road was used as the principal means of ingress and egress across the northerly boundary of the Gullett Farm to and from the Company Farm, not adverse to the owner, or owners of the Gullett Farm, but adverse to the owner or owners of the Company Farm, who, from 1909 to 1924 owned said easement across the Gullett Farm.

That during all of the time above-mentioned, there existed a private road that started at a point where the Gullett Ferry Road turned northwesterly at right angles, which point was about 300 feet south of the south bank of the White River, on the east property line of the Gullett Farm and about 185 feet southwest from said point on the east property line of the Gullett Farm, thence south and westerly about sixty rods to the house located on the Gullett Farm. From that point, said road was little more than a path or a passageway meandering westerly and northerly across the west part of the Gullett Farm to the east property line of the Company Farm. The above-described private road is the road in controversy.

The above-described private road was used by the owners and tenants of the Gullett Farm, the owners and tenants of the Company Farm, and the general public; however, the evidence shows that it was seldom used by the owners or tenants of the Company Farm until the year of 1924, at which time the White River washed out part of the road that led from the Gullett Ferry Road along the south bank of the White River to the Company Farm, and, as such road was in a precarious condition, the road in controversy became the main traveled road to the Company Farm, and was used by the owners and tenants of the Gullet Farm as well as the general public to go to and from points on the Gullett Farm, all without any objections on the part of the owners and tenants of the Gullett Farm until the year of 1942, at which time the owners of the Gullett Farm established and erected gate, or gates, across said road in controversy, and locked the same and issued keys to those permitted the use of said road. This condition continued to 1954, at which time the lower court issued a restraining order, restraining appellant from preventing the free use of said road by the appellees.

To establish the existence of a prescriptive right to an easement or right-of-way across the land of another, the evidence must show an actual, hostile, open, notorious, continuous, uninterrupted, adverse use for twenty years under claim of right, or it must show such continuous adverse use and with the knowledge and acquiescence of the owner of the servient land.

It must be further found, as a matter of law, that such use was so open, hostile, notorious and under such claim of right, that the owner of the servient land had actual knowledge or should have had actual knowledge

of such facts, and having such knowledge acquiesced in such use of his land, and having acquiesced in such use of his land for twenty years, he would be thereafter estopped from denying such use of his land. *Null* v. *Williamson* (1906), 166 Ind. 537, 78 N. E. 76; *DeShields* v. *Joest* (1941), (T. D. 1941), 109 Ind. App. 383, 34 N. E. 2d 168; *Lucas* v. *Rhodes* (1911), 48 Ind. App. 211, 94 N. E. 914; *Monarch Real Estate Co.* v. *Frye* (1922), 77 Ind. App. 119, 133 N. E. 156; *Palmer et al.* v. *Wright et al.* (1877), 58 Ind. 486; *Davidson* v. *Nicholson* (1877), 59 Ind. 411; *McCardle* v. *Barricklow* (1879), 68 Ind. 356; *Hill* v. *Hagaman* (1882), 84 Ind. 287; *Parish* v. *Kaspare* (1886), 109 Ind. 586, 10 N. E. 109; *Fankboner* v. *Corder* (1890), 127 Ind. 164, 26 N. E. 766; *Harding et al.* v. *Cowgar et al.* (1890), 127 Ind. 245, 26 N. E. 799; *Bales* v. *Pidgeon* (1891), 129 Ind. 548, 29 N. E. 34; *Davis* v. *The Cleveland, Cincinnati, Chicago and St. Louis Ry. Co.* (1894), 140 Ind. 468, 39 N. E. 495; *Mitchell* v. *Bain et al.* (1895), 142 Ind. 604, 42 N. E. 230; *Gascho* v. *Lennert* (1912), 176 Ind. 677, 97 N. E. 6; *Kibbey* v. *Richards* (1902), 30 Ind. App. 101, 65 N. E. 541; 96 Am. St. Rep. 333.

Each of the elements for the purpose of establishing a prescriptive right must be established as a necessary, independent, ultimate fact, the burden of showing of such fact is on the party asserting the prescriptive right, and the failure to prove any one of such elements would be fatal to appellees' cause of action. *Monarch Real Estate Co.* v. *Frye, supra.*

The evidence shows that in the year of 1909, appellees' predecessors-in-title, must not have considered the right-of-way in question, as a means of ingress and egress to the Company Farm; otherwise, they would not have secured an easement from the owners of the Gullett Farm for the road along the southerly bank

of the White River. This easement was used, not only by the owners and tenants of the Company Farm, but by the general public until the year of 1924, at which time the road became impassable at some points, and, thereafter, the owners of the Gullett Farm permitted the owners and tenants of the Company Farm, as well as the general public, to use the road in question.

An owner of land is not shorn of any of his rights by merely permitting, as a favor, another to pass over his land.

In discussing this question of law, our Supreme Court has said:

"In order to establish a prescriptive right, something more than mere permissive user must be shown." *Parish* v. *Kaspare, supra; Conner* v. *Woodfill et al.* (1890), 126 Ind. 85, 25 N. E. 876.

In the case of *Smith* v. *Ponsford* (1915), 184 Ind. 53, 110 N. E. 194, our Supreme Court stated:

"It is well settled that a use which is merely permissive or which is exercised under a mere license can not ripen into an easement no matter how long it may be continued. *Conner* v. *Woodfill* (1890), 126 Ind. 85, 25 N. E. 876; 22 Am. St. 568; *Parish* v. *Kaspare* (1887), 109 Ind. 586, 10 N. E. 109. A use of lands of another will not be deemed adverse so as to ripen into an easement unless such use is hostile to the rights of the owner of the fee. It must be of such a character as would expose the claimant to an action of trespass in case his claim was unfounded. The use must be exercised under a claim of right and the owner of the fee having knowledge of the claim must acquiesce in such use."

In order to establish a prescriptive right, something more than mere permissive user must be shown.

The use of land for the purpose of passing over it is not inconsistent with the right of ownership, and where there is no inconsistency be-

tween the use and the ownership, there can be no prescriptive right. *Null* v. *Williamson, supra.*

The road in question was, at all times, a private road that led from a public highway on the east property line of the Gullett Farm, westerly about half-way across the east part of the Gullett Farm to a house, or dwelling, on said farm, and said road was so used by the owners and tenants of the Gullett Farm as a private road to go to and from their own house or home. That the above road also continued on westerly by the house on the Gullet Farm to the east property line of the Company Farm. That the evidence wholly fails to show that at any time did the owners, or tenants, of the Company Farm ever use said road, openly, notoriously and hostilely under a claim of right, adverse to the owners of the Gullett Farm but used said road merely with the permission of the owners and tenants of the Gullett Farm.

The facts of this case are similar to the case of *Monarch Real Estate Co.* v. *Frye, supra,* wherein, on page 127, this court adopted the law from a Missouri case in which it was held:

> " 'But if the owner of land opens a road across it for his own use and uses it, and keeps it open for his own use, the fact that he sees his neighbor also making use of it, under circumstances that in no way injures the road or interferes with his own use of it, does not justify the inference that he is yielding to his neighbor's claim of right or that his neighbor is asserting any right; it signifies only that he is permitting his neighbor to use the road.' "

It appears from the record that from the year of 1924 to the year of 1941, the owners and tenants, as well as the general public, used the road in controversy which period of time was seventeen years; that in

the year of 1941, the owners of the Gullett Farm erected and established locked gate, or gates, across said road and only allowed certain people to have keys to said locked gate, or gates. Appellees claim that said gate, or gates, were erected in 1946; however, the record shows that the evidence of Paul Ellison, in substance, was to the effect that when he purchased the Company Farm in February of 1946, that a locked gate was across said road and that Mr. Wells, owner of the Gullet Farm, gave him a key to said gate, and that during all of the time he owned the Company Farm, from 1946 to the time he sold it to appellees in April, 1954, he and his tenants had keys to the locked gate, or gates, across the road; that this evidence shows that in February, 1946, locked gate, or gates, had been erected across said road, but the evidence on the part of Mr. Ellison, or anyone else on the part of appellees, failed to show when the gate, or gates, had been erected prior thereto. Mr. Neal Wheeler testified that a gate had been erected across said road in 1941. He also testified that a gate had existed across said road by the camp house in 1934. Resolving all doubts in favor of the appellees, this court finds that at least in the year of 1941, said gate, or gates, had been erected across said road and were locked.

The above condition continued from 1941 to the year of 1954, or for a period of thirteen years immediately prior to the filing of appellees' complaint and the trial court's granting of a restraining order against the appellant.

If it is to be considered, which this court has found otherwise, that appellees and their predecessors-intitle did use the road in question, openly, hostilely and adversely to the owners of the Gullett Farm, it

was only for a period of seventeen years, or until 1941, at which time the use was interrupted by the owners of the Gullett Farm, and, if the road was thereafter used by appellees, or their predecessors-in-title, it was so-used at the special permission of the owners of the Gullett Farm.

Where one, after having used a way for a period of less than twenty years, continues to use it afterwards under an agreement or special permission of the owners, such a use, constituting a permissive use, cannot be adverse, and will not serve as the basis of a prescriptive right. *Nowlin et al.* v. *Whipple et al.* (1889), 120 Ind. 596, 22 N. E. 669. The evidence in this case shows without contradiction that for the twenty years immediately prior to the filing of appellees' complaint that the road, or easement in controversy, was for thirteen years of the twenty years used by the owners and tenants of the Company Farm by special permission of the owners of the Gullett Farm, and appellees have failed to prove the facts necessary to sustain the judgment of the lower court.

Judgment reversed with direction to the lower court to grant to appellant a new trial.

NOTE.—Reported in 154 N. E. 2d 389.