REDER, ET UX. *v.* RADTKE, ET UX. ET AL.

[No. 19,202. Filed October 26, 1961.]

*George T. Bush,* of Chesterton, and *William G. Conover,* of Valparaiso, for appellants.

*Mox G. Ruge,* of Chesterton, for appellees.

RYAN, P. J.—The appellees, plaintiffs below, filed a complaint in the Porter Superior Court, alleging that they were the equitable owners of certain real estate under a contract to purchase and as such were entitled to the use and occupancy of the same, together with an "easement of way" appurtenant thereto. The appellees further alleged that the present and prior owners of the land in question have under claim of right continuously, openly and adversely used the strip of land as a right-of-way or means of ingress and egress to and from the adjoining land for a period of more than fifty (50) years. The appellees in the cause of action below sought to have the title in the purported easement quieted in them and to abate an obstruction of the easement and to enjoin the appellants from further obstructing the easement.

Appellants filed their answer alleging as a defense that the strip of land in question had been used by others only by expressed limited permission. The appellants also filed a cross-complaint to quiet title to the land in question in the appellants.

The trial was by court, which resulted in a judgment for appellees. Appellants filed a motion for a new trial which was overruled. Appellants have assigned as error the overruling of their motion for a new trial, the specifications of which are that the decision of the court was not sustained by sufficient evidence and was contrary to law.

The evidence in this case tends to reveal that:

In 1874, one John Thomas owned a forty-five (45) acre rectangular tract of land which included the land now owned by appellees and the land now owned by appellants over which the alleged easement runs.

A default judgment was rendered against Thomas and others in favor of the Commissioners of Porter County and on September 29, 1874, a foreclosure decree was entered against Thomas foreclosing a mortgage on this forty-five (45) acre tract of land.

This parcel of land was sold at public auction on February 27, 1875, to the judgment creditor, the Commissioners of Porter County, and a sheriff's certificate was issued to the Commissioners pursuant to which they would become entitled to a Sheriff's Deed one year later which would have been February 27, 1876. However, before the Sheriff's Deed was delivered, John Thomas conveyed the entire parcel of land to one Peter Peterson by means of a warranty deed. This transaction occurred on September 23, 1875.

Then Peterson on December 13, 1875 (which was still before the Sheriff's Deed was issued), conveyed the north half, hereinafter referred to as Tract "A," of this parcel of land to one Charles Rapp. This conveyance was by means of a warranty deed and there was an express reservation in this deed of a road sixteen feet wide on the west side of this north half, Tract "A", that was conveyed to Rapp.

The County Commissioners of Porter County, the judgment creditor who had purchased this land at the sheriff's sale, assigned their Sheriff's Certificate of Sale to one Samuel P. Robbins on June 9, 1876, and on this same day the Sheriff's Deed for the whole forty-five (45) acre parcel of land, was delivered to Robbins.

Then on September 4, 1876, Robbins and his wife conveyed, by warranty deed, the north half, Tract "A", of this forty-five acre parcel of land to Charles Rapp. This deed covered the same north half, Tract "A", of the land which Rapp had previously purchased from Peterson. However, in this deed from Robbins to Rapp, there was no reservation of any roadway as there was in the deed from Peterson to Rapp.

Then on March 1, 1877, the same Peter Peterson and wife who had conveyed the north half, Tract "A", of this forty-five acre parcel of land to Charles Rapp expressly reserving a roadway across that north part, conveyed the south half, hereinafter referred to as Tract "B", of this forty-five acre parcel of land to one William Andershock, who is the predecessor in title of the appellees. This deed from Peterson to Andershock for the south half, Tract "B", did not contain any grant of an easement or roadway across the north half, Tract "A", of the land.

Title to the north half, Tract "A", was by mesne conveyances finally placed in John and Barbara Yacko, husband and wife, who in 1956 conveyed by warranty deed this north half, Tract "A", to Edwin W. and Florence G. Clark. In this deed from the Yackos to the Clarks, there was an express provision that this north half, Tract "A", was subject to an easement for highway purposes over the west 16.5 feet of this north half.

Later that same year, 1956, the Clarks conveyed the west 130 feet of this north half, Tract "A", to the

appellants, Edward A. and Martha L. Reder. In this deed from the Clarks to appellants, there was no provision that the land was subject to any easement for highway purposes.

In 1957 the Andershocks, who as stated previously received title to the south half, Tract "B", of this land from Peterson, then sold this south half, Tract "B", to the appellees, Herbert J. and Jane R. Radtke and William R. and Blanche M. Thoesen. This contract of sale contained a provision which reads as follows:

> "Together with all their right, title and interest in and to that certain easement over the West end of that land lying between the herein described real estate and the Indian Boundary Line, which land is presently owned by Edwin Wayne Clark and Florence Clark, which will be more precisely described in a deed conveying the same to Purchasers."

The above real estate contract of sale was executed on April 2, 1957, and on that date, the easement of way claimed by appellees did not lay on lands then owned by the Clarks as stated in the above contract since the Clarks had already sold that part of the land to the appellants.

There was also evidence which reflected that the land in question had been used for a period of some seventy (70) years, which had been without permission and was never questioned.

In this particular class of case there is such wide variation in the facts of each particular one that each one is more or less unique, and while the general principles involved are fairly well established, each case must be treated on its own particular set of circumstances which are presented.

Appellants first contend that thus there has been a failure of proof since the complaint alleges "which land

is presently owned by Edwin Wayne Clark and Florence Clark," whereas in fact it was owned by the appellants herein.

However, the exhibits entered as evidence seem to clearly define the subject matter of the controversy before us. Nor can we say that the appellants established that they were actually misled to their prejudice in maintaining their defense upon the merits. The variance between the pleadings and the evidence could have been corrected by amendment in the court below, and although such amendment was not made, upon appeal the same will be deemed to have been made. *Dowell* v. *Jolly* (1959), 130 Ind. App. 280, 159 N. E. 2d 590.

It is the general rule that where there has been the use of an easement for twenty (20) years which is unexplained, the presumption is that it is under a claim of right, and adverse, and is sufficient to establish title by prescription unless such use is contradicted or explained.

> "Where one uses an easement whenever he sees proper, without asking permission and without objection, it is adverse, and an uninterrupted adverse enjoyment for twenty years is a title which cannot afterwards be disputed. Such enjoyment without explanation how it begun is presumed to have been in pursuance of a grant. The owner of the land has the burden of proving that the use of the easement was under some license, indulgence, or special contract, inconsistent with a claim of right by the other party." *Mitchell* v. *Bain et al.* (1895), 142 Ind. 604, 607, 42 N. E. 230.

The testimony produced at the trial presents some conflict, and

> ". . . a use which is merely permissive, or exercised under a mere license, cannot ripen into an

easement, but whether a use is merely permissive or exercised under a mere license, or whether it be adverse under a claim of right is, in the instant case, a question of fact, and to hold that appellants are correct in their contention would require this court to weigh the evidence, which we are not permitted to do." *Switzer* v. *Armantrout* (1939), 106 Ind. App. 468, 472, 19 N. E. 2d 858.

A careful review of the factual situation tends to support the conclusion that under the facts of this particular case there was a prescriptive easement created. The rule was stated by this court in the case of *Hutchinson* v. *Worley et al.* (1958), 129 Ind. App. 157, at page 161, 154 N. E. 2d 389:

"To establish the existence of a prescriptive right to an easement or right of way across the the land of another, the evidence must show an actual, hostile, open, notorious, continuous, uninterrupted adverse use for twenty years under claim of right, or it must show such continuous adverse use and with knowledge and acquiescence of the owner of the servient land."

Appellants' contention that the attempted creation of a roadway 16.5 feet wide in the Yackos to Clarks deed is in conflict with Burns' §36-1807, which is as follows:

". . . and hereafter no highway shall be laid out less than thirty (30) feet wide, and the order for the laying out of the same shall specify the width thereof. . . ."

would be of no avail since the easement had been established by prescription, nor can we see merit in appellants' contention that the subject of this controversy was a way of necessity which has now ceased to exist, for the reason that where an easement by prescription has been established the prescriptive right would not be extinguished, since the

rule that the right ceases with the necessity thereto is not applicable to ways acquired by express grant or by prescription. 28 C. J. S., §54 b., p. 719.

Judgment affirmed.

Ax, Cooper, and Myers, JJ., concur.

NOTE.—Reported in 177 N. E. 2d 669.