Walter BULATOVICH and Evelyn
Bulatovich, Appellants
(Defendants Below),

v.

Terry W. EASTON and Virginia Nelson
Easton, Appellees (Plaintiffs Below).

No. 3–981A235.

Court of Appeals of Indiana,
Third District.

May 25, 1982.

Rehearing Denied August 3, 1982.

George Vann, Barce, Vann & Ryan, Kentland, for appellants.

Glenn J. Tabor, Thomas F. Macke, Blachly, Tabor, Bozik & Hartman, Valparaiso, for appellees.

STATON, Judge.

The Bulatoviches appeal the trial court's judgment granting the Eastons a prescriptive easement across Bulatoviches' property and permanently enjoining any interference with its use. Bulatoviches contend that the judgment is erroneous because the use of their property was not adverse.

Affirmed.

Eastons' property is east and adjacent to Bulatoviches' property.[1] For more than twenty years Eastons, or their predecessors in title, have used a graveled area on the property now owned by Bulatoviches for ingress and egress.[2] Because Bulatoviches blocked Eastons' use of this area, Eastons sought injunctive relief claiming a prescriptive easement.

To gain a prescriptive easement across Bulatoviches' property Eastons had to establish an actual, open, notorious, continuous, uninterrupted, adverse use for twenty years under a claim of right, or show such continuous adverse use with Bulatoviches' knowledge and acquiescence. *Brown v. Heidersbach* (1977), 172 Ind.App. 434, 443, 360 N.E.2d 614, 621 (reh. den.). Bulatoviches concede that for twenty years Eastons have openly and continuously used the Bulatovich property for ingress and egress. Ordinarily, the open and continuous use of another's land raises a rebuttable presumption that such use is adverse. *Searcy v. LaGrotte* (1978), Ind.App., 372 N.E.2d 755, 757. However, Bulatoviches contend that because Eastons' use of Bulatoviches' property did not interfere with Bulatoviches' use, there is no presumption of adversity.

In support of this contention, Bulatoviches cite *Hutchinson v. Worley* (1958), 129 Ind.App. 157, 154 N.E.2d 389 and *Monarch Real Estate Co. v. Frye* (1921), 77 Ind.App. 119, 133 N.E. 156 as follows:

" 'But if the owner of land opens a road across it for his own use and uses it and keeps it open for his own use, the fact that he sees his neighbor also making use of it, under circumstances that in no way injures the road or *interferes* with his own use of it, does not justify the inference that he is yielding to his neighbor's claim of right or that his neighbor is asserting any right; it signifies only that he is permitting his neighbor to use the road.' "

*Hutchinson, supra,* 129 Ind.App. at 164, 154 N.E.2d at 393; *Frye, supra,* 77 Ind.App. at 127, 133 N.E. at 159 (our emphasis).

The language quoted from *Hutchinson* and *Frye* does not apply to this case because Eastons' use of the graveled area as a driveway interfered with Bulatoviches' use of the same area for parking. The evidence and reasonable inferences there-

---

1. The diagram below illustrates the property situation discussed in the text:

2. Since "tacking" is not an issue, Eastons and their predecessors in title and Bulatoviches and their predecessors in title are simply referred to as Eastons and Bulatoviches respectively.

from most favorable to the judgment reveal that the graveled area was not wide enough for Eastons to use as a driveway unless Bulatoviches parked their vehicles close to their house. When Bulatoviches needed extra parking space they would call Eastons and ask permission to block Eastons' drive. Bulatoviches finally sought to permanently block Eastons' drive because they felt they needed more room to park.

Eastons' use of the graveled area as a driveway was not only inconvenient to Bulatoviches but also inconsistent with Bulatoviches' use of the same area as a place to park. Therefore, Eastons' open and continuous use of the graveled area as their driveway is presumed adverse.

Bulatoviches challenge the trial court's finding of fact that they failed to rebut this presumption. When reviewing a trial court's finding of fact, this Court will neither weigh the evidence nor judge the credibility of witnesses. We consider only that evidence most favorable to the finding with all reasonable inferences which may be drawn therefrom. Based on this standard, we will set aside a trial court's finding only if it is clearly erroneous. *Sigsbee v. Swathwood* (1981), Ind.App., 419 N.E.2d 789, 793.

The trial court's finding that Eastons' use of the graveled area was adverse is not clearly erroneous. Whether a use is permissive or adverse is a question of fact. *Jeffers v. Toschlog* (1978), Ind.App., 383 N.E.2d 457, 460. Although the evidence was conflicting, the evidence most favorable to the judgment was that for more than twenty years Eastons used Bulatoviches' property as needed for ingress and egress, without permission and without objection. "Where one uses an easement whenever he sees proper, without asking permission and without objection, it is adverse . . . ." *Reder v. Radtke* (1961), 132 Ind.App. 412, 417, 177 N.E.2d 669, 672.

Bulatoviches had to demonstrate that Eastons' use was permissive. *Null v. Williamson* (1906), 166 Ind. 537, 544, 78 N.E. 76, 78. Because Bulatoviches failed to do this the judgment is affirmed.

Affirmed.

HOFFMAN, P. J., concurs.

GARRARD, J., concurs in result.