**GREENCO, INC., Howard Moore, Defendants-Appellants,**

v.

**Nancy MAY d/b/a Monon Grill, Plaintiff-Appellee.**

No. 67A01–8605–CV–128.

Court of Appeals of Indiana, First District.

Feb. 17, 1987.

C. Reid Priest, Larry J. Wilson, Greencastle, for defendants-appellants.

Robert J. Lowe, Greencastle, for plaintiff-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellants, Greenco, Inc. (Greenco) and Howard Moore (Moore), appeal the decision of the Putnam Circuit Court, which granted an easement in favor of plaintiff-appellee, Nancy May, d/b/a Monon Grill, over the Greenco property.

We reverse.

1. The Statement of Facts in appellant's brief fails to conform with Ind.Rules of Procedure, Appellate Rule 8.2(B)(5) or 8.3(A)(5), regarding citation to the record.

## STATEMENT OF THE FACTS [1]

Nancy May is the current owner of a restaurant known as the Monon Grill and the property on which it is situated. Howard Moore is the principal agent for Greenco,[2] and situated on the Greenco property is a three-story brick commercial building and a parking lot. Nancy May's property and Greenco's property are contiguous; the parking lot is to the north of the Greenco building and shares a common boundary with the south end of Nancy May's property. This boundary line runs approximately 90 feet in length from east to west. The south wall of the Monon Grill Building is between four to five feet north of this boundary line. Customers of the Monon Grill had routinely used the Greenco parking lot to park their cars along and straddling the boundary line, and Nancy May sought a prescriptive easement for Monon Grill customer parking and for suitable ingress and egress.

The facts in the record reveal that both the Monon Grill property and the Greenco property changed ownership several times since the Monon Grill was built in 1938. The evidence related to ownership and use of the Monon Grill property from 1938–1951 is scant. At trial, two longtime patrons of the Monon Grill testified they had always parked along the north end of the Greenco parking lot for 30 years. However, they also acknowledged that the general public and Greenco customers had parked along that area as well. No witness or title was produced attesting to ownership of the Monon Grill from 1938–1951.

Leone Deem testified that she and her husband owned the Monon Grill from 1951–1957. She acknowledged that patrons of the Monon Grill regularly used the parking lot. There was never a demand for the Monon Grill to pay rent for parking, but the Deems never claimed the right to use the lot or posted a sign directing patrons of the Monon Grill to park there. The Deems sold the Monon Grill to Cliff Torr in 1954.

2. Greenco conveyed its real estate to Mr. Jack Dalton during the course of litigation.

The next owner to testify was Charles Shuee, who stated he owned and operated the Monon Grill from 1962–1968. He stated he had a 99–year lease with the train depot immediately behind the Monon Grill and was required to keep the restaurant open 24 hours for train crews. He recalled that both patrons of the Monon Grill and the previous owner of the current Greenco property, a curtain factory, had used the parking lot. During his ownership, the city banned automobile parking on the street, and Mr. Shuee stated he did not need the parking lot before this happened. He knew the parking lot did not belong to him and that his customers were encroaching, so he made a verbal agreement with Ben Hoover, the manager of the curtain factory. In consideration for the right to permit the Monon Grill customers to use the north end of the parking lot, Mr. Shuee agreed to put in rock and grade the parking lot, remove snow in the winter, and provide Mr. Hoover with free coffee and a free lunch every day. Moore took title to the Greenco property in 1969. However, he testified that he received money from Mr. Shuee in return for maintenance of the parking lot.

Joyce York testified that she and her husband owned and operated the Monon Grill from the mid–1970's to 1981, or a period of approximately six and one-half years. She testified they bought the property from CPC Music. She was never aware she had rights to the parking lot property, and the question of parking was never raised. Moore asked for rental payments in the early 1980's, but the Yorks refused. The Yorks never posted a sign to direct customers to park in the lot; Joyce York stated the customers just parked there of their own free will. The Monon Grill was closed from August 1979 to March 1980, when the Yorks attempted to sell or lease the property. This attempt was unsuccessful, and they reopened the restaurant for business. The question of parking never came up when the Yorks eventually sold the property to the Logans.

Nancy May and her husband, Charles, purchased the Monon Grill in June of 1983, and Nancy May stated she was aware of the boundaries when the property was purchased. Mr. May stated he bought the Monon Grill with the understanding that they had parking rights in the Greenco lot, but acknowledged the issue of parking was never discussed. Moore asked the Mays to pay rent, but they refused. Nancy May noticed that cars other than those belonging to Monon Grill customers parked in the north end of the parking lot. She admitted that she does not claim exclusive rights for her customers to park in the lot. Mr. May gave the property to Nancy May in June 1, 1984. Nancy May also testified that she had the parking lot leveled and graded.

After Moore made several attempts to collect rent from the Monon Grill for parking, this dispute arose when Greenco started to construct a fence along the property line on June 23, 1984. Nancy May paid Moore $60.00 to cease and desist fence construction pending the outcome of this cause of action.

All of the above witnesses testified on behalf of the appellant, Nancy May; the only witness who was called to testify for the defense was Nancy May.

## ISSUE

Greenco raises four issues for our review, but because of our resolution of this case, we only address the following issue:

Did the trial court err in finding a prescriptive easement.

## DISCUSSION AND DECISION

In this appeal, Greenco primarily challenges the trial court's findings of fact, relying on various facts in the record discussed above. In its judgment, the trial court made very few findings of fact related to the easement in question. Pertinent to this appeal, they are as follows:

"9. That since 1938 the patrons of the Monon Grill have routinely and regularly parked their automobiles along the south side of the building, thus occupying a portion of defendant's property, and have further used so much of the adjacent area of defendant's land as is necessary for ingress and egress to said parking lot.

10. That said use for parking and ingress and egress was done with the knowledge of defendant and his predecessors in title.

11. That there existed no contract or agreement respecting said use, and no rentals or compensation for same were ever paid, or even demanded until defendant requested same sometime in the early 1980's.

12. That defendant made demand on plaintiff for rent for the parking area in early June, 1984, which plaintiff did not pay.

13. That in June, 1984, defendant, Greenco, Inc., or its successor shareholders, by and through its officer/agent Howard Moore, commenced construction of a fence along the parties' boundary line, and informed plaintiff's customers that they could not park there.

14. That thereafter plaintiff paid defendant the sum of $60.00, that being the minimum amount that defendant would accept to cease and desist putting up the fence.

15. That plaintiff's predecessors in title, Burneard and Joyce York, did not intend to abandon the right to use the parking area when they temporarily closed the restaurant for approximately six months in 1979 and 1980.

\* \* \* \* \* \*

17. That plaintiff has met her burden of proof in showing by a preponderance of the evidence that she and her predecessors in title exercised an actual, hostile, open, notorious, continuous, uninterrupted, and adverse use under claim of right, and with the knowledge and acquiescence of defendant and his predecessors, for a period of at least twenty years between the time plaintiff's building was constructed in its present location in 1938 and the filing of this cause, and there is therefore an easement appurtenant to and in favor of plaintiff's real estate and over so much of defendant's real estate as is necessary to park automobiles along the south side of plaintiff's building as now located, and for ingress and egress thereto."

*Record* at 137–38. When reviewing these findings, we neither weigh the evidence nor judge the credibility of witnesses, but consider only that evidence most favorable to the finding with all reasonable inferences which may be drawn therefrom. *Bulatovich v. Easton* (1982), Ind.App., 435 N.E.2d 997, *trans. denied.* A trial court's finding will be set aside only if it is clearly erroneous. *Id.*

In support of the trial court's findings, Nancy May asserts that in regard to the testimony of her witnesses which is damaging to her case, the trial court is free to believe or disbelieve all or part of their testimony. All of the witnesses that testified were called on behalf of Nancy May. Nancy May cannot now attempt to impeach her own witnesses, when no attempt or reason to do so was submitted before the trial court.

 Requirements for acquiring an easement by adverse use is stated in IND. CODE 32–5–1–1, which reads: "The right of way, air, light or other easement from, in, upon, or over, the land of another, shall not be acquired by adverse use, unless such use shall have been continued uninterruptedly for twenty (20) years." Indiana cases have also required that the evidence must show an actual, hostile, open, notorious, continuous, uninterrupted and adverse use for twenty (20) years under a claim of right, or such continuous, adverse use with knowledge and acquiescence of the owner. *Null v. Williamson* (1906), 166 Ind. 537, 78 N.E. 76; *Bulatovich, supra; Searcy v. La-Grotte* (1978), 175 Ind.App. 498, 372 N.E.2d 755. Whether a prescriptive easement exists is a question of fact, and the failure to prove any one of the required elements by the party asserting the prescriptive right is fatal. *Searcy, supra; Pugh v. Conway* (1973), 157 Ind.App. 44, 299 N.E.2d 214. The party asserting the prescriptive right may make a prima facie case by showing an open and continuous use of another's land with the owners knowledge, creating a rebuttable presumption that such use is adverse and under a claim of right. *Smith v. Ponsford* (1915), 184 Ind. 53, 110 N.E. 194; *Searcy, supra.* The presumption of a

grant arises from proof of an uninterrupted adverse use for the prescriptive period. *Gascho v. Lennert* (1911), 176 Ind. 677, 97 N.E. 6. However, the presumption of a prescriptive right may be defeated by proof that the use was by permission or not under a claim of right. *Id.; Null, supra; Searcy, supra.*

In the case at bar, neither Nancy May nor the trial court stated exactly when a prescriptive easement started or when it attached. It was agreed that the Monon Grill was built in 1938, but there is no evidence as to who the original owner was and whether he asserted a prescriptive right. The first record of ownership and use came from Mr. Deem, who owned the Monon Grill from 1951–1957. Each owner of the Monon Grill that testified admitted that they had never claimed a right to use the parking lot, and they, as well as other witnesses, testified that the north end of the parking lot was shared by customers of Greenco, the Monon Grill, and other members of the public.

The situation in the case at bar is very similar to that in the case of *Null, supra,* Statements by witnesses, cited in *Null,* to the effect that members of the public used a way without any direction from the owner, resemble the testimony in the case at bar. Related to these facts, the court in *Null, supra,* 166 Ind. at 546, 78 N.E. at 78, stated:

"Where a space is designedly left open by the owner, either for his own convenience or to enable his customers to resort to him, the presumption ordinarily is that a use of such space by an individual, even for his own purposes, is permissive. And the fact that a use was one which was shared with the public gives rise, in the absence of evidence to the contrary, to a presumption that it was not under an exclusive or particular claim of right." (Citations ommitted.)

Use which is merely permissive or which is exercised under a mere license cannot ripen into an easement, regardless of how long the use is continued. *Smith, supra; Hutchinson v. Worley et al.* (1958), 129 Ind.App. 157, 154 N.E.2d 389. Neither Nancy May nor her successors in interest asserted any hostile claim against the owners in fee which could be considered subject to an action for trespass. *See Smith, supra.* In other words, the successive owners of the Monon Grill never exercised a claim of right from which the owners in fee could have acquired notice or knowledge of the adverse claim. The owners in fee merely acquiesced in the use of the lot by members of the general public, who were permitted to use the lot and did so of their own volition.

The trial court's findings reflect that "since 1938 the patrons of the Monon Grill have routinely and regularly parked their automobiles" along a portion of the north end of the parking lot and that "said use for parking and ingress and egress was done with the knowledge of [Greenco] and his predecessors in title." Members of the general public cannot, by routine and regular use, create a prescriptive easement on behalf of a landholder; rather, it is Nancy May, the owner in fee, who must establish that she and her successors in interest have met the elements of a prescriptive easement. The trial court ruled that Nancy May had met her burden in proving each element required for establishing a prescriptive easement. We hold that the judgment of the trial court is clearly erroneous and contrary to law.

Judgment is reversed, and the trial court is directed to enter judgment for Greenco and Moore.

Judgment reversed.

RATLIFF, C.J. and ROBERTSON, J., concur.